PHILIP LICATA, FRANK VARDE, TAMPA REAL ESTATE & LOAN ASSOCIATION, A CORPORATION, AND D. B. NEWCOMB, APPELLANTS, v. VINCENTE DE CORTE, APPELLEE.

1. An unrecorded deed may be good as to the parties thereto and as to those who have notice thereof.

2. In a foreclosure proceeding a plea filed by the mortgagor that the property had been sold and possession delivered to a third party, calls for some vigilance on the part of the mortgagee as to the truth of such plea.

3. One who has bona fide bought and assumed possession of mortgaged property, prior to the proceedings for foreclosure, to which he is not a party, may be permitted to redeem the property from sale under such foreclosure.

4. The findings of the Circuit Court on a question of the **bona fides** of a sale of realty, based in part on the non-recording of a deed and the lack of resistence when possession was demanded by purchaser under a judicial sale, will not be disturbed, the vendees being unlettered foreigners.

This case was decided by Division A.

Appeal from the Circuit Court for Hillsborough County.

The facts in the case are stated in the opinion of the Court.

*Sparkman & Carter* and *Macfarlane & Raney, for Appellants.*

*Solon B. Turman,* for Appellee.

COCKRELL, J. On March 3, 1903, Vincente de Corte filed a bill to redeem from a foreclosure sale two lots in Tampa. The complainant alleged that he became the owner of the property November 4, 1901, by virtue of a certain deed of that date from one Salvatore Leto, for which he paid full consideration, and also on said last date took full and undisturbed possession of the lots subject to a mortgage given by the said Leto and wife to D. B. Newcomb; about six weeks thereafter the said Newcomb filed a bill against the said Leto and wife to foreclose the said mortgage, and to this bill Leto pleaded that he had sold the property and delivered possession thereof

to de Corte, and that de Corte should be made a party; that this plea was set down for insufficiency and overruled, whereupon immediately a decree *pro confesso* and final decree were entered against Leto; that at the sale under said decree the complainant, through his agent, the Tampa Real Estate Loan Association became the purchaser, and immediately conveyed the property to Licata and Varde, taking back a mortgage for a large part of the purchase price; the complainant further alleges that all the parties named had knowledge, actual or constructive, of his title and possession. A demurrer to the bill was overruled and the defendants filed their several answers denying the adverse holding of the complainant, the bona fides of the conveyance from Leto to de Corte, and notice of such conveyance. Much testimony, proper and improper, was taken before an Examiner, but none of the many objections thereto appears to have been brought to the attention of the court and ruled upon. Upon final hearing a decree passed setting aside the former foreclosure proceedings and permitting the complainant to redeem upon payment of a certain sum, under penalty of a dismissal of the bill upon the non-payment of that sum. From this decree the defendants appeal.

While the deed from Leto to de Corte was not recorded until after the decree of sale, it was yet good as between the parties thereto and was also good as to others who had notice thereof. The plea filed by Leto was such notice, as to call for further vigilance than was here displayed, and the chancellor has found against the defendants, in effect, on the contested question of good faith and of adverse holding. The evidence is not entirely satisfactory to us, but in consideration of the fact that the

complainant and his wife are unlettered foreigners we cannot say, the explanation of the failure to record the deed is not satisfactory, nor that the transaction between Leto and de Corte was fraudulent; nor for the same reason should we place too much stress on the lack of resistance shown by them when possession was demanded by the purchasers under a court sale.

The decree is possibly too broad in some aspects but no attack is made on it here on that score and we are not disposed to interfere.

It is, therefore, ordered that the decree be affirmed with leave to have the account restated from the date thereof and a limited time given the complainant to pay the amount so stated, under penalty of a dismissal of his bill.

The costs of this appeal are taxed against the appellants.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER, and PARKHILL, JJ., concur in the opinion.