399 So.2d 492 (1981)
Marion W. BOWERS, Appellant,
v.
Ruth Knust MOZINGO, Appellee.
No. 80-1185.
District Court of Appeal of Florida, Third District.
June 9, 1981.
*493 Herman T. Isis, Coral Gables, for appellant.
Robert E. Rutledge, Jr., South Miami, for appellee.
Before BARKDULL, BASKIN and DANIEL S. PEARSON, JJ.
BARKDULL, Judge.
The appellant seeks review of a final judgment in a declaratory judgment action, wherein the trial judge held that the defendant's (appellee herein) recorded judgment lien was imposed upon the interest of the appellant in certain real property and that, upon sale, the property would pass subject to the lien.
On appeal, it is the contention of the appellant that the trial court erred because the facts of the case clearly show he had a sufficient possessory interest in the subject property to entitle him to protection of the homestead exemption provisions of Article X, Section 1, Constitution of the State of Florida (1885)[1] prior to the appellee obtaining her judgment lien. On the other hand, the appellee relies on Article X, Section 7, Constitution of the State of Florida (1885)[2], pertaining to homestead for purposes of ad valorem taxation, and contends that the appellant did not file for homestead exemption for taxation until 1965, subsequent to the recordation of the judgment lien and, therefore, her judgment lien is paramount. Secondly, she contends that two people cannot claim the same homestead. We cannot agree with either position for the following reasons.
This case is governed by Article X, Section 1, Constitution of the State of Florida (1885), which exempts a homestead from forced sale and provides that no judgment or execution shall be a lien thereon. Clearly, this is a different thing than homestead exemption, as defined for tax purposes. Doing v. Riley, 176 F.2d 449 (5th Cir.1949). Therefore, the appellee's reliance on Article X, Section 7, Constitution of the State of Florida (1885) is misplaced.
*494 The facts[3] show that the appellant's father and mother owned the property in question and qualified for homestead under Article X, Section 1, Constitution of the State of Florida (1885). The appellant was running a store in Georgia in 1963. Illness overcame the father and a portion of the appellant's family moved in to take care of his parents. At this time, there can be no question that the appellant could not claim homestead as it was vested in his father as head of the household. Upon the death of the father, his homestead inured to the benefit of his wife and children, preventing the property being sold for his debts. Title then vested in the mother. Upon the death of the father, his right to homestead exemption, for tax purposes, ceased and did not pass by descent to the mother. Bendl v. Bendl, 246 So.2d 574 (Fla.3d DCA 1971); Menendez v. Rodriguez, 106 Fla. 214, 143 So. 223 (1932). The property did not become homestead property while titled in the mother, because she failed to meet one of the tests for claiming homestead under Article X, Section 1, Constitution of the State of Florida (1885), to wit: family headship. In re Estate of Wilder, 240 So.2d 514 (Fla. 1st DCA 1970). In March 1963, after he sold his business, the appellant joined his family in Florida and resided with his mother. The property was then (on May 12, 1964) transferred by the mother to herself and the son, setting up a tenancy in common with right of survivorship. Prior to this last transfer, the appellee obtained her judgment and recorded her judgment lien on September 18, 1963.
These facts clearly show that the appellant did not have ownership in the property prior to recordation of the judgment lien, which is necessary to acquisition of the homestead right. Hinson v. Booth, 39 Fla. 333, 22 So. 687 (1897). Thus, the appellant could not legally have a right of homestead based on a mere possessory interest and his argument must fail. The judgment lien could not attach to the property in question until it was owned by the appellant. First National Bank v. Peel, 107 Fla. 413, 145 So. 177 (1933); Cheves v. First National Bank, 79 Fla. 34, 83 So. 870 (1919). We thus find both the claimed homestead right (if proven) and the judgment lien would attach to the property simultaneously upon the appellant's acquiring ownership thereof. This being the case, the rule accords priority to the homestead right, where the homestead right and the lien attach simultaneously, as in the case of purchase or inheritance of land by a judgment debtor. Milton v. Milton, 63 Fla. 533, 58 So. 718 (1912); Pasco v. Harley, 73 Fla. 819, 75 So. 30 (1917); Quigley v. Kennedy & Ely Ins., Inc., 207 So.2d 431 (Fla. 1968); Aetna Insurance Company v. LaGasse, 223 So.2d 727 (Fla. 1969).
In the final judgment appealed herein, the trial judge did not make a determination as to whether or not the appellant was head of the family at the time he acquired ownership of the property. This issue must be resolved in order to settle priority of claims in the instant case.
Therefore, the order appealed is hereby reversed, and the cause remanded to the trial court for a determination as to whether or not the appellant met the necessary criteria to claim a homestead right under Article X, Section 1, Constitution of the State of Florida (1885) at the time he acquired ownership of the subject property.
Reversed and remanded, with directions.
NOTES
[1] "Section 1. Exemption of homestead; extent.  A homestead to the extent of one hundred and sixty acres of land, or the half of one acre within the limits of any incorporated city or town, owned by the head of a family residing in this State, together with one thousand dollars worth of personal property, and the improvements on the real estate, shall be exempt from forced sale under process of any court, ... and no judgment or decree or execution shall be a lien upon exempted property except as provided in this Article."
[2] "Section 7. Exemption of homestead from taxation.  Every person who has the legal title or beneficial title in equity to real property in this state and who resides thereon and in good faith makes the same his or her permanent home, or the permanent home of another or others legally or naturally dependent upon said person, shall be entitled to an exemption from all taxation, except for assessments for special benefits, up to the assessed valuation of five thousand dollars on said home and contiguous real property, as defined in Article X... . Said title may be held by the entireties, jointly, or in common with others, and said exemption may be apportioned among such of the owners as shall reside thereon, as their respective interests shall appear, but no such exemption of more than five thousand dollars shall be allowed to any one person or any one dwelling house, nor shall the amount of the exemption allowed any person exceed the proportionate assessed valuation, based on the interest owned by such person... ."
[3] DeLalio v. Food Palace, Inc., 330 So.2d 835 (Fla.3d DCA 1976); Cuna Mutual Insurance Society v. Adamides, 334 So.2d 75 (Fla.3d DCA 1976); Turner v. Lorber, 360 So.2d 101 (Fla.3d DCA 1978).