**In re Alberto DUQUE, Debtor.**

**Bankruptcy No. 83–00903–BKC–TCB.**

United States Bankruptcy Court,
S.D. Florida.

Aug. 11, 1983.

Nancy Worth, Coral Gables, Fla., David Levine, Miami, Fla., for debtor.

## ORDER DENYING CLAIMED HOMESTEAD EXEMPTION

THOMAS C. BRITTON, Bankruptcy Judge.

The issue here is whether a home owned by a corporation may be exempted from forced sale when claimed as a homestead by one who owns all the corporate stock. I hold that it cannot.

This chapter 11 debtor has claimed a homestead exemption for a Miami Beach home under Article X, § 4(a)(1), Florida Constitution, which exempts from forced sale a homestead "owned by the head of a family". The title to the home is held by Domino Investments, Ltd., a foreign corporation.

A major creditor, Credit Lyonnais, objected, under 11 U.S.C. § 522(b)(1), to the claimed exemption on two grounds: that the home is not owned by the debtor/claimant and that the debtor is not a resident. (C.P. No. 129). The matter was heard on August 8.

The second ground need not detain us. The objecting party has the burden of proof. B.R. 4003(c). It has failed to prove that the debtor is not a resident. The only proof it offered was that the debtor has never filed a tax return in this country. That fact falls far short of proving that he does not reside in the home. At the hearing, that objection was denied without prejudice, because the creditor had been prevented from examining the debtor with reference to his residence.

The issue presented by the first objection is less clear. The parties agree that Florida law is controlling. The debtor relies on *Manda v. Sinclair*, 5 Cir.1960, 278 F.2d 629, where it was held, applying Florida law, that for the purposes of tax exemption, a home owned by a corporation which was wholly owned by the claimant was exempt from taxation as a homestead, because the claimant "had a clear right of possession. That alone was adequate." (At p. 633).

The court said:

"He had a beneficial right in the property and that is all Florida requires. It is immaterial that under accepted Florida corporation principles, this would not be a legal title or might not be catalogued as an 'equitable' interest or title. The Trustee makes the mistake of thinking that recognition of a homestead exemption in the full tract as of the date of municipal incorporation is the equivalent of disregarding the corporate fiction contrary to Florida law. If we must analogize, it is not a case of piercing the corporate veil to vest in the Bankrupt a title. Rather, the theory is that the corporation holds title, legal or equitable or both, for the Bankrupt just as did the wife in whom the husband put the title in *Bessemer Properties, Inc. v. Gamble* [158 Fla. 38, 27 So.2d 832], supra; *Coleman v. Williams,* 1941, 146 Fla. 45, 200 So. 207; and *Beall v. Pinckney* [150 F.2d 467], supra." (At p. 633).

I recognize, of course, that I am bound by the former holdings of the 5th Circuit until they are superseded in this Circuit. *Dills v. City of Marietta, Ga.,* 11 Cir.1982, 674 F.2d 1377, 1380.

However, *Manda* dealt with a homestead *for tax purposes.* It is well settled that homestead decisions for tax purposes are based upon a completely different statutory provision (§ 196.041, Florida Statutes) and may have no relevancy to decisions for forced sale purposes. *Doing v. Riley,* 5 Cir.1949, 176 F.2d 449, 455; *Bowers v. Mozingo,* Fla.App.1981, 399 So.2d 492, 493. As stated in *Manda:*

"We recognize that there are substantial differences between the tax exemption . . . and the . . . exemption from forced sale." (At p. 633)

The holding in *Manda,* therefore, is not necessarily applicable here.

I consider *In re Estate of Wartels,* Fla.1978, 357 So.2d 708, 709, to be controlling. There, the Supreme Court of Florida held, 18 years after *Manda,* that a cooperative apartment may not be considered to be homestead property for the purposes of subjecting it to the Florida statutes regulating the descent of homestead property. The court said:

"Unlike a condominium purchase, a cooperative apartment unit purchaser does not receive title to the cooperative apartment unit, nor does he become entitled to ownership of any portion of the building or the land upon which the cooperative apartment unit is situated. Rather, a cooperative apartment unit purchaser only receives shares in the corporation which holds title to the land on which the cooperative apartment building is constructed. In conjunction with the purchase of the shares in the cooperative corporation, the stockholder receives a lease for his individual cooperative apartment unit. In short, the purchaser of a cooperative apartment unit does not hold any type of proprietary interest in either the apartment itself or the apartment building containing the apartment unit, or the land upon which the building is situated. See Annot., "Transfer of, and Voting Rights, in Stock of Co-operative Apartments Association", 99 A.L.R.2d 236 (1965)."

If stock ownership in the corporation which holds title to a cooperative apartment, together with a clear right of exclusive possession, does not constitute a homestead for purposes of descent in Florida, it cannot constitute a homestead for purposes of forced sale. And I cannot distinguish the facts there from the facts here.

*Wartels* was followed in *State of Florida Department of Revenue v. Swinscoe,* Fla.1979, 376 So.2d 1, and remains the latest expression of the highest court in the State.

If *Manda* and the older Florida decisions upon which it was based are relevant here, it is clear to me that they no longer reflect Florida law. Nor are they controlling with respect to the present Florida Constitution, which was substantially revised in 1968.

The debtor's claimed homestead exemption is denied.