OTT, Judge.
Appellee had a judgment against Forth-ner, who is not a party to this appeal. In proceedings supplementary under section 56.29, Florida Statutes (1983), to collect the judgment, the trial court voided a deed by which Forthner, the judgment debtor, had conveyed his interest in certain real property to appellant, Forthner’s co-tenant. The court also awarded attorney’s fees to appel-lee. We find no basis for these two rulings and therefore reverse.
Appellant and Forthner acquired the subject real property located in Lee County, Florida, in 1979, owning it as joint tenants with right of survivorship. By deed dated (but not recorded) March 25, 1981, Forth-ner quitclaimed his interest in the property to appellant. On January 21, 1983, appel-lee obtained a default money judgment against Forthner. It was recorded in the public records of Lee County on February 4, 1983. Appellant thereafter recorded her quitclaim deed from Forthner on July 19, 1983.
Appellee instituted proceedings supplementary under section 56.29 to force a sale of the subject property to satisfy the money judgment against Forthner’s one-half interest in the property or its proceeds. Appellant was properly impleaded as a party. See Art Advertising Co. v. Associated Press, 340 So.2d 1291 (Fla. 2d DCA 1977). Appellee alleged that the conveyance from Forthner was a fraudulent effort to defeat *892 the collection of his judgment. Appellant sought to attack the original money judgment as void because of improper substituted service of process. Appellee countered that appellant had no standing to attack that judgment.
The parties presented argument of counsel but no testimony or evidence was presented. The trial court voided the deed from Forthner to appellant, stating no grounds or basis for its ruling. It ordered a forced sale of the property, with the proceeds therefrom to be divided equally between appellant and Forthner. Forth-ner's one-half of the proceeds were to be used to pay off appellee’s judgment and any other unsatisfied executions held by the sheriff. The court awarded appellee attorney’s fees and costs, also payable from Forthner’s share of the proceeds. Any funds remaining in Forthner’s share were ordered paid to him. Finally, the court “ratified and confirmed” the default money judgment, an indication that it considered and rejected appellant’s attack on its validity.
We hold that the trial court erred in voiding and vacating the conveyance from Forthner to appellant and in awarding attorney’s fees.
The trial court apparently relied on section 56.29(6)(b) when it voided the conveyance. That section provides, in pertinent part:
When any gift, transfer, assignment or other conveyance of personal property has been made or contrived by defendant to delay, hinder or defraud creditors, the court shall order the gift, transfer, assignment or other conveyance to be void and direct the sheriff to take the property to satisfy the execution.
A deed may be ineffectual — or “void” — as to a creditor but yet remain quite valid for other purposes depending upon the facts and circumstances. The quitclaim deed in question here was not recorded prior to recordation of appellee’s money judgment. Neither is there any suggestion that appel-lee was otherwise on notice of its execution. Therefore, the conveyance was ineffectual against appellee’s judgment. See § 695.01(1), Fla.Stat. (1983). See also Moyer v. Clark, 72 So.2d 905 (Fla.1954). There being no proof offered that the deed was executed on any date other than that stated therein or evidence that at the time made it was to “delay, hinder, or defraud” appellee, there were no facts before the court to support an absolute and total voiding of the deed. Appellant’s title remains valid against Forthner, who has no rights in any proceeds of the sale. See Licata v. DeCorte, 50 Fla. 563, 39 So. 58 (1916). That portion of the judgment of the trial court voiding and vacating the conveyance to appellant is reversed and set aside.
There is no statutory nor contract provision in this case to support an award of attorney’s fees. Accordingly, the award of attorney’s fees to appellee is also reversed and set aside. See Schwartz v. Sherman, 210 So.2d 469 (Fla. 3d DCA 1968).
We find no merit in appellant’s other contentions on this appeal.
The effect of our ruling is to approve the sale and to permit appellee’s judgment together with interest to be paid out of the proceeds (up to Forthner’s previous undivided one-half interest). Since the propriety of subjecting such proceeds of the sale to “any unsatisfied execution docketed against Claus Forthner” (presumably other than appellee) has not been argued, that portion of the judgment shall stand. Thus, those unpaid creditors of Forthner, if any, who recorded their judgments prior to the recording of the deed may also be paid from any remaining proceeds which would otherwise belong to Forthner except for his conveyance. The balance of the sale proceeds shall be paid to appellant.
AFFIRMED IN PART, REVERSED IN PART, and REMANDED for such amendment to the judgment or other proceedings as are consistent with this opinion.
GRIMES, A.C.J., and CAMPBELL, J., concur.