In re John Lowell McCALL, a/k/a Lowell McCall, Debtor.

John Lowell McCALL, Plaintiff,

v.

**BARNETT BANK OF COLUMBIA COUNTY, Defendant.**

**Bankruptcy No. 86–932–BK–J–7. Adv. No. 86–355.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

June 17, 1987.

Anne Payne, Jacksonville, Fla., for debtor.

William B. Brannon, Lake City, Fla., Robert Winicki, Jacksonville, Fla., for Barnett.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

The following Findings of Fact and Conclusions of Law address all issues raised in the Objection by Barnett Bank of Columbia County to Debtor's Claim of Exempt Property, debtor's Motion to Avoid Lien of Barnett Bank of Columbia County pursuant to 11 U.S.C. § 522(f)(1) and debtor's Complaint to Avoid Fraudulent Transfer under 11 U.S.C. § 548(a)(2).

### Findings of Fact

On May 2, 1979, debtor, John Lowell McCall, and his son, John Logan McCall, each acquired an undivided one-half interest as joint tenants with right of survivorship in approximately 102 acres located in Columbia County, Florida. The original deed transferring ownership to debtor and his son was recorded on May 4, 1979. On December 23, 1979, debtor transferred by Warranty Deed his interest in the property to his son. This deed was not recorded in the public records until September 6, 1985. During this entire period of time, the son was in sole and exclusive possession of the entire 102 acre parcel.

Before the Warranty Deed was recorded on September 6, 1985, Barnett Bank of Columbia County ("Barnett") obtained a Deficiency Judgment against debtor, individually, and his wholly-owned corporation, McCall Auto Parts, Inc., in the amount of $348,925.24. A certified copy of the judgment was recorded in the Official Records of Columbia County on December 4, 1984.

In January 1985, a Writ of Execution on the property of debtor was issued by the Clerk of the Circuit Court of Columbia County. It was delivered to the Sheriff of Columbia County on January 16, 1985, and debtor's property was levied upon on July 3, 1985. In August 1985, the Sheriff issued a Notice of Sheriff's Sale as to debtor's interest in the 102 acres. A Sheriff's Sale was conducted on September 11, 1985, at which time Barnett bought debtor's one-half interest in the property for $100.00. Prior to the bidding, debtor's son, John Logan McCall, announced to everyone present that he was the sole owner of the property under a Warranty Deed transferring his father's interest to him and that the deed had been recently recorded in the land records and that he was currently a debtor in bankruptcy.

As announced, debtor's son had filed a voluntary petition under 11 U.S.C. Chapter 11 on June 17, 1985.[1] In that proceeding, he claimed as exempt homestead property the entire 102 acre parcel. He also instituted an adversary proceeding to determine the validity, priority, and extent of Barnett's interest in the 102 acre parcel vis-a-vis his own interest.[2] Barnett filed a motion for summary judgment in the adversary proceeding which was granted by this Court. In the Memorandum Order, dated February 11, 1986,[3] this Court held that pursuant to Florida Statute § 695.01(1), vis-a-vis Barnett, the conveyance by Warranty Deed of the undivided one-half interest in the 102 acre parcel on December 23, 1979, from father to son was void. An appeal from this Memorandum Order was taken.[4]

Debtor's son also moved to avoid the judicial lien of Barnett under 11 U.S.C. § 522(f)(1). The motion was denied based on a finding that (a) the decision in the adversary proceeding controlled and (b) that the judicial lien did not attach to a property interest in which the son had any rights vis-a-vis Barnett.[5] Debtor's son also took an appeal from this decision.[6] Both appeals were consolidated by the District Court on August 25, 1986. In a memoran-

1. *John Logan McCall*, Case No. 85–482–BK–J–GP.

2. *John Logan McCall v. Barnett Bank of Columbia County*, Adv. No. 85–178.

3. Reported at 58 B.R. 54.

4. *John Logan McCall v. Barnett Bank of Columbia County*, Case No. 86–173–Civ–J–14.

5. *John Logan McCall*, Case No. 85–482–BK–J–GP, Order dated June 4, 1986.

6. *John Logan McCall v. Barnett Bank of Columbia County*, Case No. 86–812–Civ–J–14.

dum opinion, the District Court affirmed both decisions of the bankruptcy court on February 13, 1987.[7]

In the meantime, debtor in this case filed his voluntary petition under 11 U.S.C. Chapter 7 on August 21, 1986. He claimed on Schedule B–4 an undivided one-half interest in the 102 acre parcel as exempt homestead property under Article X, Section IV, of the Florida Constitution and other statutory and case law.

Debtor asserts that prior to filing his petition that he purchased a trailer and moved onto the 102 acre parcel with the intent to remain there permanently. He also asserts that as a debtor under Title 11, United States Code, that he is entitled to use the interlocking provisions of 11 U.S.C. § 522(f)(1), (g)(1), (h), § 548(a)(2), and § 522(b) in order to claim the undivided one-half interest in the 102 acre parcel which was originally conveyed to him on May 2, 1979, as exempt homestead free and clear of any interest of Barnett. The transfer which debtor is seeking to avoid under § 548(a)(2) in order to do this is the judicial sale which took place on September 11, 1985.

### Conclusions of Law

Section 548(a)(2) allows a bankruptcy trustee to avoid any transfer of an interest of the debtor in property if the transfer occurred within the year prior to the date of filing the petition in bankruptcy, the transfer was for less than a reasonably equivalent value and the debtor was insolvent on the date of the transfer or made insolvent thereby. A rule of thumb used by many courts is that a sale for less than 70 percent of value is avoidable under § 548(a)(2).[8]

A transfer of a property interest avoided under § 548 is usually recovered for the benefit of the estate. See 11 U.S.C. § 550. However, if certain conditions are met, a debtor is permitted to utilize a trustee's avoidance powers in order to regain for his/her own benefit property qualifying for exemption under § 522(b) which had been involuntarily transferred prior to filing of the petition. See 11 U.S.C. § 522(f)(1), (g) and (h). The conditions which a debtor must establish are:

1. absent the transfer in question, the property could have been claimed as exempt property under 522(b);
2. the transfer in question was not a voluntary transfer;
3. the debtor did not conceal the property; and
4. the trustee of the bankruptcy estate did not attempt to avoid the transfer.

See 11 U.S.C. § 522(g) and (h).

In this case, the first condition requires debtor to show that absent the judicial sale on September 11, 1985, he could have claimed an undivided one-half interest in the 102 acre parcel as exempt property under § 522(b). Debtor has failed to establish this condition; accordingly, he is not permitted to use the trustee's avoidance powers under § 548 in order to set aside the judicial sale.

Section 522(b) of the Bankruptcy Code authorizes a debtor to exempt any property from the bankruptcy estate that is exempt from process under state law as of the date of filing and "any interest in property in which the debtor had, *immediately before the commencement of the case,* an interest as a ... joint tenant to the extent that such interest as a ... joint tenant is exempt from process under applicable non-bankruptcy law." [emphasis added][9] The state

---

**7.** Reported at 69 B.R. 975.

**8.** See *Durrett v. Washington National Insurance Company,* 621 F.2d 201 (5th Cir.1980) and its progeny. In *Durrett,* the trustee under a deed of trust sold a parcel of real estate at foreclosure for 57.7 percent of the fair market value of the property. The foreclosure sale occurred within ninety days of the date Durrett filed a petition for Arrangement Under Chapter XI of the Bankruptcy Act. Upon consideration of whether the

price paid was a "fair equivalent," the appellate court stated that it was unable to find any decision under § 67(d) of the Act which approved a sale for less than 70 percent of the market value of the property.

**9.** The State of Florida has opted out 11 U.S.C. § 522(b) and limits the exemptions available to Florida residents to those provided under Florida law. Article X, Section 4, Florida Constitution, and § 222.20, Florida Statutes (1977).

law which debtor relies upon is Article X, Section 4 of the Florida Constitution.

Section 4 states:

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property *owned* by a natural person:

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; or if located within a municipality, to the extent of one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or his family; [emphasis added].

F.S.A. Const. Art. 10, § 4 (1972). One person cannot claim an exemption in another person's property. See *Hinson v. Booth*, 22 So. 687 (Fla.1897). By the clear language of this section, if someone is seeking to exempt property from forced sale, they must actually *own* the property for which they are claiming the exemption. See also *Bowers v. Mozingo*, 399 So.2d 492 (Fla. 3d DCA 1981).

Debtor has not owned an interest in the 102 acre parcel since December 23, 1979, when he conveyed his undivided one-half interest in the property to his son by Warranty Deed. See *Black v. Skinner Mfg. Co.*, 43 So. 919 (Fla.1907). This transfer of ownership occurred more than six and one-half years prior to the time debtor filed his petition and there is no evidence before the Court to show that this transfer was ever set aside. The only "voidance" of this transfer which this Court is aware of is that Court's Memorandum Order dated February 11, 1986, and entered in the case of *John Logan McCall v. Barnett Bank of*

*Columbia County* wherein the conveyance was found void as to the claim held by Barnett.[10] This Order, however, did not void the conveyance in its entirety.

Recently in *Becker v. Effenberger*, 458 So.2d 891 (Fla. 2d DCA 1984), a Florida State Court was faced with a similar situation. In that case, the appellant and a third party, Fortner, owned real property as joint tenants with the right of survivorship. Fortner quitclaimed his interest in the property to appellant. No deed reflecting the transaction was recorded at that time. Approximately two years later, appellee obtained a default money judgment against Fortner and recorded it in the land records. The quitclaim deed was subsequently recorded. Appellee instituted supplementary proceedings to force a sale of the property to satisfy the money judgment out of Fortner's share of the proceeds. The trial court found the conveyance void and ordered the property to be sold with the proceeds to be split equally between appellant and Fortner. After the payment of Fortner's creditors, the balance was to be paid to Fortner. On appeal, the Appeals Court reversed in part finding:

A deed may be ineffectual—or "void"—as to a creditor but yet remain quite valid for other purposes depending upon the facts and circumstances. The quitclaim deed in question here was not recorded prior to recordation of appellee's money judgment. Neither is there any suggestion that appellee was otherwise on notice of its execution. Therefore, the conveyance was ineffectual against appellee's judgment. See § 695.01)(1), Fla.Stat. (1983). See also *Moyer v. Clark*, 72 So.2d 905 (Fla.1954). There being no proof offered that the deed was executed on any date other than that stated therein or evidence that at the time made it was to "delay, hinder, or defraud" appellee, there were no facts before the court to support an absolute and total voiding of the deed. *Appellant's title remains valid against Forthner, who has no rights in any*

**10.** See fn. 2, 3.

**670**

*proceeds of the sale.* See *Licata v. De Corte,* 50 Fla. 563, 39 So. 58 (1916). That portion of the judgment of the trial court voiding and vacating the conveyance to appellant is reversed and set aside. [emphasis added].

*Id.* at 892.

Although the trial court in *Becker* did not expressly rely upon § 695.01(1) of the Florida Statutes as this Court did in its Memorandum Order dated February 11, 1986, it is the statutory authority which protects the rights of creditors of the property owner and bona fide purchasers against secret deals between the immediate parties to the conveyance. *Fong v. Batton,* 214 So.2d 649 (Fla. 3 DCA 1968). See also *Rabinowitz v. Keefer,* 132 So. 297 (Fla.1931). Thus, while § 695.01(1) may "void" a conveyance as to a certain creditor such as Barnett, it does not automatically void a conveyance *in toto.* See *Black v. Skinner Mfg. Co.,* 43 So. 919 (Fla.1907) (a deed between the parties is valid even though not recorded); and *Licata v. De Corte,* 39 So. 58 (Fla.1905) (an unrecorded deed is good against grantor and his heirs).

Having determined that debtor could not claim as exempt homestead an undivided one-half interest in the 102 acre parcel as of the date of filing or immediately prior thereto because he did not have an ownership interest in the property and his claims under § 522 must fail, the Court declines to address § 548. Accordingly, for these reasons a separate order will be entered.

FINAL JUDGMENT DISMISSING ADVERSARY PROCEEDING NO. 86–355, DENYING DEBTOR'S MOTION TO AVOID LIEN AND SUSTAINING BARNETT'S OBJECTION TO CLAIM OF EXEMPTIONS

Upon Findings of Fact and Conclusions of Law separately entered, it is

ORDERED as follows:

1. Debtor's motion to avoid lien of Barnett is DENIED;

2. The objection by Barnett to debtor's claim of exempt property is SUSTAINED;

3. Final Judgment is entered in favor of defendant and this adversary proceeding is hereby DISMISSED.