**In re Isabel TENORIO, Debtor.**

**Bankruptcy No. 89–13903–BKC–TCB.**

United States Bankruptcy Court, S.D. Florida.

Nov. 27, 1989.

Darrell Johnson, Weitzner & Russo, Miami, Fla., for trustee/plaintiff.

Jordan Bublick, Miami, Fla., for debtor/defendant.

MEMORANDUM ORDER ON TRUSTEE'S OBJECTION TO CLAIMED EXEMPTION AND MOTION TO DIRECT SURRENDER OF PROPERTY.

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE, having come before this Court on October 19, 1989 upon the Trustee's Objection to the Debtor's Claimed Exemption and Motion to Direct Surrender of Property, and having considered the Debtor's memorandum and arguments of counsel and otherwise being fully advised in the premises, this Court does hereby make findings of fact and conclusions of law and enters its order as follows:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. Sections 1334(b), 157(a) and (b), and the District Court's general order of reference. These are core proceedings, as defined by 28 U.S.C. Section 157(b)(2)(B) and (E), in which this Court is authorized to hear and determine all matters related to this case. The Objection and Motion are made pursuant to Bankruptcy Rules 4003 and 9013, and 11 U.S.C. Section 521(4).

The Trustee's Objection and Motion to Direct Surrender arise from the Debtor's claim for a $1,000.00 homestead exemption pursuant to FLA.CONST. Article 10, Section 4, and FLA.STAT. Section 222.05. The exemption being claimed involves a condominium apartment wherein the Debtor has no ownership interest other than the possessory rights of a lessee under a year to year lease.

The value of said property interest was initially scheduled at $1,000.00. This Court finds that this amount constitutes the security deposit required by the lease, regardless of the Debtor's characterization of one half as advance rent. In addition, this Court notes that subsequent to the filing of the Trustee's Objection and Motion, but prior to the hearing thereon, the Debtor amended her claimed exemption to include the "Entire value" of her interest in the condominium. This amendment does not change the outcome of this Court's decision, and is incorporated herein.

■ The primary thrust of the Trustee's objection, is her assertion that the plain and unambiguous language of FLA. CONST. Article 10, Section 4 and FLA. STAT. Section 222.05, require the Debtor to be an "owner" of her "dwelling house" before she can claim it as exempt homestead property. In pertinent part, FLA. CONST. Article 10, Section 4 provides: "There shall be exempt from forced sale ... the following property *owned* by a natural person: (1) a homestead ..." (emphasis added). In addition, FLA.STAT. Section 222.05 provides in pertinent part:

222.05 Setting apart leasehold

Any person *owning* and occupying any dwelling house, ... on land not his own which he may lawfully possess, by lease or otherwise, and claiming such house ... as his homestead, shall be entitled to the exemption of such house ... from levy and sale as aforesaid. (Emphasis added).

This ownership requirement is also supported by Florida case law. *Bowers v. Mozingo*, 399 So.2d 492, 494 (Fla.3rd DCA 1981) (Ownership is necessary to acquisition of the homestead right—possessory interests are legally insufficient); *McCall v. Barnett Bank of Columbia County (In re McCall)*, 74 B.R. 666, 669 (Bankr.M.D. Fla.1987) (One person cannot claim an exemption in another person's property). In addition, a year to year lease such as the one at hand, evidences a lack of intent to make the property her permanent place of residence—a requirement of homestead property. *See, Cooke v. Uransky (Matter of Cooke)*, 412 So.2d 340, 343 (Fla.1982).

In contrast, the Debtor asserts that the vast majority of other jurisdictions support the proposition that a leasehold interest may constitute a protected homestead. *E.g., In re Hellman*, 474 F.Supp. 348, 350 (D.Colo.1979). However, this assertion ignores the Florida Constitutional and Statutory use of the words "owned" and "owning" in their provisions. This Court finds that the meaning and use of these words is clear and unambiguous. A debtor must have an ownership interest in the property being claimed as exempt. A year to year

lease does not constitute the requisite ownership interest.

■ In addition, leases of this type are typically classified as chattels real, and regarded as personal property—not real property. *E.g., De Vore v. Lee*, 158 Fla. 608, 30 So.2d 924, 926 (1947), *rev'd sub nom. on other grounds, De Vore v. Gay*, 39 So.2d 796 (Fla.1948). Florida provides a specific and separate exemption for personal property—which the Debtor has already claimed to the maximum. FLA. CONSTITUTION, Article 10, Section 4(a)(2).

As a result of the above, this Court holds that the Debtor's interest in said condominium unit is outside the scope of the homestead exemption set forth in FLA.CONST. Article 10, Section 4 and FLA.STAT. Section 222.05. In addition, the Debtor is limited to the total sum of $1,000.00 in her claims of exemption for personal property. However, she is already claiming the maximum $1,000.00 personal property exemption for other personal property. The Debtor's personal property interest in the condominium is therefore non-exempt property of the estate pursuant to 11 U.S.C. Section 541.

In accordance with the above findings of fact and conclusions of law, this Court enters its Order as follows:

1. That the Trustee's Objection to Claimed Exemption and Motion to Direct Surrender of Property is hereby granted.

2. That the Debtor's claimed homestead exemption, for her leasehold interest in Unit 205 of Horizons East Condominium, is disallowed. Accordingly said interest is property of the estate.

3. That the Debtor is directed to surrender $1,000.00, the value of her interest in the premises, to the Trustee.

4. That each party will bear its own costs.

DONE and ORDERED.