**In re James R. McATEE, Debtor.**

**Bankruptcy No. 92–05244.**

United States Bankruptcy Court,
N.D. Florida,
Pensacola Division.

April 21, 1993.

Charles Hoskin, Pensacola, FL, for creditor.

James R. McAtee, pro se.

Ronald A. Mowrey, Tallahassee, FL, trustee.

### ORDER DENYING OBJECTION TO EXEMPTION

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE was heard by the Court on the objection of a creditor, Don Lanier, to the debtor's claim that a leasehold interest in a residence on Santa Rosa Island is exempt as homestead property. Upon the consideration of written submissions and the oral argument of counsel, the Court finds that the subject leasehold interest is exempt from the estate as homestead property, and accordingly, denies the creditor's motion objecting to the claimed exemption.

The facts upon which the outcome of the present controversy turns may be simply stated. The debtor filed a Chapter 7 petition with the Court on November 16, 1992. Schedule C lists the debtor's one-third interest in a residence subject to a ground lease and located on Santa Rosa Island as property exempt from the estate pursuant to the state's constitutional homestead provision.

The ground lease in question was entered into on March 15, 1968 by the Santa Rosa Island Authority (the "Authority"), an agency of Escambia County, Florida, as lessor and Hillard and Jean Peavy as lessee. The debtor and his then wife assumed the lease by assignment on August 7, 1979. The lease has an initial term of 99 years, and calls for an annual rental of $40.00 plus a maintenance and development fee of $25.00 payable in advance. Among its many terms and conditions, the lease limits the use of the land to a single family residential dwelling, and requires the lessee to rebuild the dwelling in the event of its destruction. The lease expressly provides that it may be assigned, mortgaged, pledged, or transferred without the prior approval of the Authority.

The objecting creditor argues that a leasehold interest in real property is classified as chattel real and regarded as personal property under Florida law. As such, the debtor would be limited to a $1,000 exemption for personal property. The creditor makes no argument that the debtor's leasehold interest is defective in any manner, nor that the debtor would not be entitled to the homestead exemption if the ground interest was in fee simple rather than a leasehold. Thus the sole issue before the Court is whether an otherwise eligible debtor may claim a homestead exemption for a residence subject to a leasehold interest of this nature.

Florida has opted out of the federal exemption scheme pursuant to Section 522(b), Fla.Stat.Ann. § 222.20 (West 1989), and instead makes available to its residents a state statutory exemption scheme. The Florida Constitution provides for a homestead exemption from forced sale, and states in relevant part:

"There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, ... the following property owned by a head of family ... a homestead [and] personal property to the value of one thousand dollars." Fla. Const. Article 10, Section 4 (amended 1984).

The Court's analysis of the problem begins with the observation that the state has a long and well established history of liberally construing and applying its homestead exemption. See, e.g., *Hill v. First National Bank of Marianna*, 79 Fla. 391, 84 So. 190 (1920). This is so because the homestead law furthers important public policy considerations such as promoting the stability and welfare of the state by en-

couraging property ownership and the independence of its citizens by preserving a home where a family may live beyond the reaches of economic misfortune. *In re Ehnle*, 124 B.R. 361, 363 (Bankr.M.D.Fla. 1991).

The creditor urges the Court to adopt an interpretation of the term "owned" in the state homestead provisions which essentially equates ownership with only those having title in fee simple absolute. The creditor argues that because the debtor here has only a leasehold interest in his residence he can claim a homestead exemption of only $1,000 for personal property. *Fla. Const.* Article 10, Section 4(a)(1) (amended 1984).

The Court finds the Florida Supreme Court decision in *Williams v. Jones*, 326 So.2d 425 (Fla.1975), especially important to the resolution of the instant case. The *Williams* case involved a question of whether property on Santa Rosa Island under lease from the Authority could be properly taxed as real estate. In discussing the nature of the lessee's property interest, the Supreme Court noted:

> Turning to the law on the subject of ownership interest by the lessee, we find that, in the law of real property, it is well established that a valid lease for a term of years is a conveyance of an interest in land. A lessee's interest in a leasehold estate is thus stated: 'During the life of a lease, the lessee holds an outstanding leasehold estate in the premises, which for all purposes is equivalent of absolute ownership. The estate of the lessor during such time is limited to his reversionary interest, which ripens into perfect title at the expiration of the lease.'

*Williams*, 326 So.2d at 433. (citations omitted) (quoting *State Road Dept. v. White*, 148 So.2d 32 (Fla.App. 2nd 1962), cert. discharged, 161 So.2d 828 (Fla.1964)). The court, in deciding the ad valorem taxation of leased public property as real estate was constitutional, also drew upon statutory language which indicated the legisla-

ture's desire to limit exemptions from real property taxation for those private uses on leased government land utilizing state sponsored tax exempt bonds. Section 196.-199 which addresses tax exemptions for government property provides in part:

> "Property which is originally leased for 99 years or more, exclusive of renewal options, shall be deemed to be owned for purposes of this section." Fla.Stat.Ann. § 196.199(7) (West 1971) (as amended 1976).[1]

Thus, both the Florida Supreme Court and Legislature have characterized long term leasehold interests as a real property interest rather than a personal property interest. The Court concludes the state's courts would recognize a forced sale homestead exemption under the present circumstances.

The creditor argues that the considerations underlying the taxation homestead exemption are not relevant to the forced sale homestead exemption. The creditor cites *In re Duque* as standing for the proposition that the taxation homestead exemption decisions are not necessarily relevant to forced sale exemption decisions. 33 B.R. 201, 202 (Bankr.S.D.Fla.1983). The Court dismisses the *Duque* case because it, and the cases discussed within it, deal only with those situations arising from a forced sale homestead exemption claimed on shareholder possessed, but corporately owned property. None of the situations involved in *Duque* dealt with long term leasehold interests. Thus, the cited *Duque* language arose because its court was concerned with distinguishing between differing decisions involving debtors with a simple possessory interest. Moreover the Court finds the state characterization of the property interest held by the debtor here to be entirely relevant to the present dispute. The Florida Supreme Court's finding in *Williams*, *supra*, that a long term lease on Santa Rosa Island granted by the Authority was in the nature of real property for taxation purposes is directly relevant and highly

---

1. In 1980, Section 196.199(7) was amended to provide that leases for terms of 100 years or more, exclusive of renewal options, were deemed to be owned for purposes of the taxation exemption.

influential to a determination of whether the debtor in this case is entitled to a forced sale homestead exemption.

The Court likewise finds unpersuasive the creditor's other cited authorities which hold that more than a possessory interest in land is needed for finding a property exempt from forced sale. Neither *Bowers v. Mozingo,* 399 So.2d 492 (Fla. 3rd D.C.A. 1981) nor *McCall v. Barnett Bank,* 74 B.R. 666 (Bankr.M.D.Fla.1987) involved a party who constructed and maintained a residential dwelling at their own cost under a long-term lease from a governmental agency. *In re Tenorio,* 107 B.R. 787 (Bankr. S.D.Fla.1989) did involve a written lease, but simply held that a year-to-year lease on a condominium unit constructed and held in fee simple by a third party was insufficient to give rise to the requisite ownership interest.

The creditor asks the Court to adopt an interpretation that would deny the protection of the forced sale homestead exemption to potentially thousands of homeowners merely because their residences are situated on public lands under long term leases. The Court finds unfathomable given the historically liberal application of the homestead exemption that the state would compel the lessee to construct and maintain a single family residence during the term of the lease at his own risk and value the resulting property as real property for taxation purposes, and then not extend the lessee the protection offered by the homestead exemption from forced sale.

The Court finds that the debtor's leasehold interest is an ownership interest sufficient to satisfy the requirements of the state homestead exemption to forced sale. Accordingly, it is

ORDERED and ADJUDGED that the creditor's objection to the debtor's claimed exemption be, and hereby is denied.

DONE AND ORDERED.