**In re Gifford R. DEAN, Debtor.**

**Bankruptcy No. 94–32854–BKC–PGH.**

United States Bankruptcy Court,
S.D. Florida.

Feb. 6, 1995.

Thomas D. DeCarlo, P.A., West Palm Beach, FL, for debtor.

---

728

## ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTION

PAUL HYMAN, Jr., Bankruptcy Judge.

■ This cause came before the Court on January 18, 1995, upon the Trustee's, Soneet R. Kapila's Objection to Debtor's, Gifford R. Dean's ("Dean") claim of exemption of Dean's interest in a Cooperative Apartment. For the following reasons, this Court overrules the Trustee's Objection and concludes that Dean's interest is exempt as homestead pursuant to 11 U.S.C. Section 522, Florida Constitution Article X, Section 4 and Florida Statutes Section 222.05.

The facts of this case are uncontroverted. The property which is the subject of the Trustee's Objection is a one bedroom, one bath apartment with a total of approximately 600 square feet (the "Unit"). Dean holds his interest in the Unit pursuant to a "Co–Operative Apartment Proprietary Lease" which was created in November of 1966, and which Dean acquired in 1985. The Unit has constituted Dean's primary and exclusive residence at all times since 1985, and Dean intends to continue to reside at and use the Unit as his principal and exclusive residence.

Under the terms of the Co–Operative Apartment Proprietary Lease, Dean has the perpetual and exclusive use and enjoyment of the Unit together with the rights of ownership, use and enjoyment, in common with the other members, of the common elements. In the event the entire co-operative is sold, Dean has a 1.3149% interest in the net proceeds derived from such sale. Finally, Dean is obligated to make certain payments on a monthly basis which payments, in part, are used to fund the mortgage obligation on the entire co-operative.

As long as Dean is the owner of the Unit, he is entitled to peacefully enjoy the exclusive use of the Unit and is obligated to maintain the Unit in good order and repair at his sole cost and expense. As is typical of condominiums in Florida, Dean is not permitted to make alterations or changes to the exterior of the Unit.

The homestead exemption in Florida is a creature of Florida Constitution Article X, Section 4:

There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon ... the following property owned by a natural person:

1. a homestead....

Fla. Const. Art. X, § 4 (1995).

The scope of the exemption is expanded by Florida Statutes Section 222.05, which provides:

Any person owning and occupying any dwelling house ... on land not his own which he may lawfully possess, by lease or otherwise ... shall be entitled to the exemption of such house ... from any levy ... as aforesaid.

Fla.Stat. § 222.05 (1995).

■ The homestead exemption serves a compelling public purpose by promoting the stability and welfare of the state by securing to the householder a home, so that the householder and his or her heirs may live beyond the reach of financial misfortune. *Public Health Trust of Dade County v. Lopez*, 531 So.2d 946 (Fla.1988) (citing *Bigelow v. Dunphe*, 143 Fla. 603, 197 So. 328 (1940)). Florida's public policy underlying the homestead exemption is so compelling that the homestead exemption has been held to override even criminal statutes. *See Butterworth v. Caggiano*, 605 So.2d 56 (Fla.1992) (homestead property is not subject to Civil RICO forfeiture even if homestead property was actually used in .commission of underlying crimes ... public policy safeguarding person and family from forceful dispossession of their house is so great that the state's interest in enforcing criminal laws cannot overcome the homestead exemption).

■ Courts have further recognized that to fully implement the above stated policy, the homestead laws must be given a liberal and expansive interpretation.

Florida has a public policy of protecting the homestead exemption and homestead statutes have enjoyed particularly liberal construction. While great care should be taken to prevent homestead laws from becoming instruments of fraud, an imposition on creditors, or a means to escape honest

debts, provisions of homestead laws should be carried out in the liberal beneficent spirit in which they were enacted.

*In re Meola,* 158 B.R. 881 (Bankr.S.D.Fla. 1993).

The Courts have applied this public policy to support a finding of homestead in some "non-traditional" settings. In *Miami Country Day School v. Bakst,* the court concluded that a 3,000 square foot houseboat was homestead property where the houseboat had been the debtor's sole residence since 1986, even though the debtor did not own the land or water beneath the houseboat. 641 So.2d 467 (Fla. 3rd Dist.Ct.App.1994). The court stated that Florida Statutes Section 222.05 is non-inclusive, indicating a Legislative intent to enlarge the definition of the term "dwelling house" rather than to limit the term to specific or defined types of dwelling homes. Therefore, the court concluded that as long as the houseboat is the debtor's permanent residence, the debtor is entitled to the homestead exemption for the houseboat. *See also In re Scudder,* 97 B.R. 617 (Bankr.S.D.Ala. 1989) (houseboat subject to homestead exemption).

In *In re Mangano,* the court upheld a debtor's claim to homestead exemption in motor home in which the debtors resided. 158 B.R. 532 (Bankr.S.D.Fla.1993). The debtors parked the motor home in a rented spot at a mobile home park which provided water and electricity. The court stated that the focus must be on the actual use of the property rather than on the design, size or other physical characteristics of the property. Applying what the court termed the "actual and intended use test" and citing "room for judicial discretion within the confines of the Bankruptcy Code, Florida Statutes and Florida Constitution," the court found that a motor home in which the debtors actually resided was exempt as homestead, notwithstanding its physical characteristic as a motor vehicle. *See also In re Meola,* 158 at 883 (*debtor permitted to exempt 32 foot trailer in which debtors resided ... Florida Legislature sought to extend homestead exemption to all types of living quarters used by a debtor*).

Courts have further upheld a claim of homestead exemption where the debtor leased the underlying real property. In *In re McAtee,* the debtor claimed that his residence located on a long-term leasehold constituted exempt property. 154 B.R. 346 (Bankr.N.D.Fla.1993). The court cited the "long and well established history of liberally construing and applying" the homestead exemption, and concluded that "ownership" for purposes of the homestead exemption is not limited to fee simple ownership. A lessee's interest in a leasehold estate is, for all purposes, the equivalent of absolute ownership and is protected by the homestead exemption.

■ The availability of the homestead exemption is not dependent upon any strict or legalistic interpretation of the quality and nature of the property or of the quality of the debtor's title. The Court must instead focus on the debtor's intent to make the property his homestead and the debtor's actual use of the property as his principal and primary residence.

In this case, it is undisputed that the Unit is, and has been at all times since 1985, Dean's principal and exclusive residence. Dean's right to use and occupy the premises exists in perpetuity. Dean testified that he purchased the Unit with the intent of residing therein "for the rest of his life" and, that at present, at age 68, he is firmly committed to residing therein. Dean's driver's license and voter's registration list the Unit as his permanent address. Dean does not own any other residential property. If he was removed from this Unit, he would not have anywhere to reside and would effectively be rendered homeless. Public policy underlying the homestead exemption, a liberal construction of the exemption, and Florida Statutes Section 222.05, lead to the inescapable conclusion that Den's Unit is exempt as a homestead.

Although the status of property as "homestead" for tax exemption purposes is not controlling, the Court finds it persuasive that the State of Florida has expressly defined cooperative apartments as homestead for ad valorem tax purposes. Florida Statutes Sections 192.12 and 192.13 extend the homestead

tax exemption to each cooperative apartment occupied by a tenant stockholder. "The Legislature ... intended to and did include cooperative and condominium apartments within the meaning of the terms 'real property' and 'dwelling house,' as used in the Constitution.... Moreover, the Legislature has recognized the owners of condominium parcels and cooperative apartments as freeholders." *Ammerman v. Markham,* 222 So.2d 423, 426 (Fla.1969) (citing Fla.Stat. § 97.021(7)).

It is inconceivable that the owner of a cooperative apartment can receive the relatively nominal benefit of the exemption for tax purposes while facing the seizure of the property by creditors. The public policy underlying the homestead exemption from forced sale is clearly more compelling than the public policy underlying the tax exemption. The homestead exemption should ensure more protection from forced sale than it receives from the tax exemption, not less as the Trustee contends.

The cases cited by the Trustee do not compel a contrary result. The Trustee relies heavily upon the Court's decision *In re Duque,* 33 B.R. 201 (Bankr.S.D.Fla.1983). *Duque* did not involve a co-operative apartment. In *Duque,* the property was owned by a corporation of which the debtor was the sole shareholder. There is no indication that the debtor held a long-term lease or any other proprietary interest. In essence, Duque was a "month to month" tenant at the premises, subject to removal or eviction at any time by his landlord. In the case at bar, Dean has a long term proprietary interest including, but not limited to, the proprietary right to share in the proceeds of distribution to the extent of his equity interest in the entire co-operative upon liquidation or other sale of the co-operative. Thus, *Duque* is not controlling. *See also In re McAtee,* 154 B.R. at 348 (distinguishing *Duque*).

The Florida Supreme Court's decision in *In re Estate of Wartels,* is equally distin-

guishable. 357 So.2d 708 (Fla.1978). *Wartels* did not deal with the issue of exemption of a homestead from forced sale or with the right of a debtor in bankruptcy to declare his homestead as exempt under Section 522, but rather with the devise of the homestead upon the death of the owner. The concept of "homestead" will be given different meanings in different contexts, as circumstances require. The public policy underlying the devise and descent of homestead property upon the death of the owner who leaves neither a surviving spouse nor minor children is not controlling on the issue of homestead exemption claimed by a debtor who is actually residing on the property as his principal and primary residence. In light of the strong public policy of the State of Florida in protecting debtors from homelessness, there is no public policy reason to apply provisions regarding devise and descent of homestead to cases involving the exemption of the homestead from forced sale by creditors.

The Trustee next relies on the proposition that the debtor must have an ownership interest in the property in order to claim the property as exempt, citing *In re McCall,* 74 B.R. 666 (Bankr.M.D.Fla.1987) and *In re Tenorio,* 107 B.R. 787 (Bankr.S.D.Fla.1989). In *McCall,* the property had been involuntarily transferred prior to the date of the debtor's filing of his bankruptcy petition. The court concluded that a debtor who has neither legal nor equitable interest in property cannot claim that property as exempt.[1] Unlike the debtor in *McCall,* Dean presently holds legal interest in the Unit.

In *Tenorio,* the debtor was a tenant under a year-to-year lease. The court concluded that the leasehold interest did not qualify as homestead because "a year to year lease such as the one at hand, evidences a lack of intent to make the property her permanent place of residence—a requirement of homestead property." 107 B.R. at 788. In this case, Dean intends to and does occupy the

---

1. Courts have, however, found that property is exempt as homestead where the Debtor holds only an equitable interest in the property and does not hold legal title to the property. *See In re Robinett,* 47 B.R. 591 (Bankr.S.D.Fla.1985) (husband's equitable interest in homestead is exempt pursuant to homestead exemption even absent legal interest); *In re Wainsztein,* 116 B.R. 300 (Bankr.S.D.Fla.1990) (debtor could claim homestead exemption in primary residence which he shared with his wife and family even though legal title to property was solely in wife's name).

premises as his principal residence. Unlike the lease in *Tenorio,* Dean's proprietary lease runs in perpetuity and evidences an intent by Dean, confirmed by Dean's uncontroverted testimony, to remain at the property as his principal residence.

Based on the foregoing, the Court, after consideration of Dean's actual intent and use of the Unit, concludes that Dean actually uses and intends to use the Unit as his homestead. Therefore, Dean is properly entitled to exempt the Unit pursuant to State Law and the Bankruptcy Code. The Trustee's Objection to Exemption is denied.

DONE AND ORDERED.