COPE, Judge.
Hector Pefaur appeals an order awarding temporary alimony and child support. We affirm.
After consideration of the record herein, we conclude that there was no abuse of discretion in the amounts of support awarded, nor in the retroactive effective dates. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980).[1]
The temporary support order provides, in part, that “If the child support is not paid as provided by this Order, then this Court shall appoint an attorney and the Coral Gables marital home shall be transferred to the Wife’s name to pay child support.” Order, paragraph 5. As we understand it, the purpose of this part of the order was to identify an asset within the jurisdiction of the court which could be used to satisfy the child support obligation in the event of nonpayment.[2]
The husband complains that the phrase “marital home” should not have been used in the order. That is so, argues the husband, because the question of the existence of a marriage is a disputed issue in this case which has not yet been finally adjudicated. See Pefaur v. Pefaur, 617 So.2d at 426-26. Further, the husband expresses concern that the phrase “marital home” could also be read to imply a determination that the Coral Gables residence is a marital asset, see § 61.-675, Fla.Stat. (1991), an issue which has likewise not yet been determined in the case.
This court has previously affirmed the trial court’s determination that “the wife has made a prima facie showing that she is married to the appellant husband.” Pefaur v. Pefaur, 617 So.2d at 425. Based on that preliminary determination only, the parties have been referred to in the trial court’s orders and in this court’s opinions as “husband” and “wife.” In that same sense, the Coral Gables residence has been referred to as a “marital home.” The use of that phraseology is entirely without prejudice to the husband’s position regarding the validity of the marriage, and his right to a final determination of that issue by the trial court.
The husband argues that this portion of the order is infirm because it does not specify a procedure for enforcement of the house transfer provision should there be a nonpayment of child support. More specifically, the husband contends that the order should specify that any invocation of this provision by the wife must be with notice and an opportunity to be heard by the husband. As we view the matter, the order is sufficiently clear. Nothing in this order authorizes ex parte proceedings. Plainly, the trial court contemplated that there would be notice and an opportunity to be heard should there be an effort to invoke this provision for nonpayment of child support.
The husband concedes that the wife’s entitlement to temporary alimony has been effectively resolved by this court’s decision in Pefaur v. Pefaur, 617 So.2d at 425 (affirming trial court determination of prima facie showing that wife is married to appellant husband). Finally, no reversible error has *1027 been shown with regard to the claim of evi-dentiary error.
Affirmed.

. The husband argues that the wife has in effect conceded that the amount of temporary alimony and child support is excessive. The husband argues that the amount awarded by the trial court exceeds the amount that the wife herself requested. However, when the motion for temporary support is read as a whole, it is clear that the husband is relying on one paragraph in the motion for temporary support which contains a scrivener's error. The text of the motion makes clear that the wife had requested a higher monthly amount, and the trial court in reality made an award which was lower than the request. Further, when the award is compared with the wife’s financial affidavit, it appears clear that the trial court agreed with many of the husband's arguments and reduced the support claim.

. The husband is a citizen and resident of Argentina. See Pefaur v. Pefaur, 617 So.2d 425, 426 n. 2 (Fla. 3d DCA), review denied, 626 So.2d 207 (Fla.1993).