864 So.2d 429 (2003)
Pilar CALLAVA f/k/a Pilar Pefaur, Appellant,
v.
Brenda FEINBERG, Appellee.
No. 3D02-1206.
District Court of Appeal of Florida, Third District.
October 15, 2003.
Rehearing and Certification Denied January 30, 2004.
*430 Guy Spiegelman, Miami, for appellant.
Levey, Airan, Brownstein, Shevin, Friedman, Roen & Kelso and Dar Airan; Jay M. Levy, Miami, for appellee.
Before COPE, LEVY and FLETCHER, JJ.
PER CURIAM.
Pilar Callava appeals a final judgment of foreclosure of an equitable lien on her homestead in favor of appellee Brenda Feinberg, her former attorney. We reverse.
This case has its genesis in a dissolution of marriage action between Callava and her former husband. During the course of that action, which has a long and tortured history, appellant was represented by several different attorneys, owing in part to the difficulty of obtaining suit monies from the former husband, a citizen of Argentina. See Pefaur v. Pefaur, 626 So.2d 1025 (Fla. 3d DCA 1993); Pefaur v. Pefaur, 617 So.2d 425 (Fla. 3d DCA 1993).
In 1993 the trial court in the dissolution action ordered that certain real property located in Miami Dade County be transferred to Callava to satisfy child support and alimony arrearages owed by the former husband. During the hearing on the transfer it was discussed that Callava would be able to use the equity in the home to fund her attorney's fees. The property had not originally been the marital home, but became Callava's residence during the course of the dissolution of marriage action. In connection with that transfer, the trial court stated:
THE COURT: ... [T]he wife is having the home transferred to her, if she chooses to sell it, she can.... I am sure there is sufficient equity in the home for her to get several hundred thousand *431 dollars so that she can continue with this litigation.
* * *
What I said was that your fees would be paid from the asset that I turned over....
In April 1995, Callava sold the property and purchased a much more affordable home. The actual purchase of the home was made in the name of Jorge Gaviria, as Trustee. A portion of the proceeds of the sale of the first home was used to pay attorney's fees owed to other counsel, but Feinberg did not receive any of the proceeds of that sale.
In June, 1995 Feinberg filed a complaint against Callava for her unpaid attorney's fees alleging breach of contract and other counts. After trial, in October 2000 the trial court in the attorney's fees action awarded Feinberg a final judgment of $168,301.71, plus additional fees incurred in that action.
Feinberg then filed an Emergency Motion to Impose Equitable Lien seeking imposition of a lien on the home purchased by Callava in 1995. The trial court imposed the lien based on its finding that in the dissolution action Callava had been awarded a "distinct marital asset" from which she was to pay her attorney's fees. Callava did not appeal the order imposing the equitable lien.
Feinberg then sought foreclosure of the equitable lien. The trial court entered a foreclosure judgment and Callava has appealed. We conclude that the trial court erred in permitting the foreclosure because the property was her homestead.
Article X, Section 4, of the Florida Constitution "exempts a homestead from forced sale and provides that no judgment or execution shall be a lien thereon." Bowers v. Mozingo, 399 So.2d 492, 493 (Fla. 3d DCA 1981). Feinberg argues that Callava is not entitled to the protection of the constitutional provision, because legal title to her home was not in Callava's name but is held by Jorge Gaviria, as Trustee.
Feinberg's argument is not well taken. The constitutional provision "does not designate how title to the property is to be held and it does not limit the estate that must be owned...." Southern Walls, Inc. v. Stilwell Corp., 810 So.2d 566, 569 (Fla. 5th DCA 2002). "[T]he individual claiming homestead exemption need not hold fee simple title to the property." Id. (citing Bessemer Props., Inc. v. Gamble, 158 Fla. 38, 27 So.2d 832 (1946)). See also HCA Gulf Coast Hospital v. Estate of Downing, 594 So.2d 774, 776 (Fla. 1st DCA 1991) (beneficiary of spendthrift trust entitled to claim homestead exemption as to trust property). Thus, even if Callava owns only a beneficial interest in the property, she is entitled to claim a homestead exemption to the forced sale of the property and the trial court erred in foreclosing her interest in the property.
Feinberg's alternative argument that the property cannot be Callava's homestead by virtue of Section 689.07, Florida Statutes (1995), also fails.[*] The *432 purpose of Section 689.07 is "to prevent fraud being perpetrated upon persons who might subsequently rely upon the record when dealing with the grantee." Meadows v. Citicorp Leasing, Inc., 511 So.2d 622, 623 (Fla. 5th DCA 1987)(citing, Arundel Debenture Corp. v. Le Blond, 139 Fla. 668, 190 So. 765 (1939)). Section 689.07 would allow Jorge Gaviria, as Trustee to convey or encumber the property, but he did not do so and no party has detrimentally relied on his ownership status in connection with the property. See Beckham v. Rinker Materials Corp., 662 So.2d 760, 762 (Fla. 3d DCA 1995) The statute does not defeat Callava's beneficial interest in the property for purposes of homestead exemption.
We also reject Feinberg's claim that Callava's conduct in this case amounts to fraud or egregious conduct within the meaning of Havoco America, Ltd. v. Hill, 790 So.2d 1018 (Fla.2001). The primary intent of the dissolution court's order transferring the original property to Callava was to provide support for Callava and her child. Payment of attorney's fees was a secondary purpose of the transfer. By selling the property and moving to a less expensive residence, Callava acted consistently with the main intent of the dissolution trial court.
Finally, we conclude that Callava has not waived her homestead defense where the equitable lien was imposed by way of a post-judgment motion. "As a matter of public policy, the purpose of the homestead exemption is to promote the stability and welfare of the state by securing to the householder a home, so that the homeowner and his or her heirs may live beyond the reach of financial misfortune and the demands of creditors who have given credit under such law." Public Health Trust of Dade County v. Lopez, 531 So.2d 946, 948 (Fla.1988) (citation omitted). That being so, the defense of homestead exemption may first be offered at the time that a creditor attempts to foreclose on the homestead.
These holdings are without prejudice to Feinberg's entitlement to enforce the judgment in any other manner permitted by law.
Reversed.
NOTES
[*] The statute provides, in part:

(1) Every deed or conveyance of real estate heretofore or hereafter made or executed, in which the words "trustee" or "as trustee" are added to the name of the grantee, and in which no beneficiaries are named nor the nature and purposes of the trust, if any, are set forth, shall grant and is hereby declared to have granted a fee simple estate with full power and authority in and to the grantee in such deed to sell, convey, and grant and encumber both the legal and beneficial interest in the real estate conveyed, unless a contrary intention shall appear in the deed or conveyance; provided, that there shall not appear of record among the public records of the county in which the real property is situate at the time of recording of such deed or conveyance, a declaration of trust by the grantee so described declaring that the real estate is held other than for the benefit of the grantee.
Id. § 689.07(1).