**In re Merry ALEXANDER, Debtor.**

**No. 05–12271–8W7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 25, 2006.

---

Harvey J. Spinowitz, Clearwater, FL, for Debtor.

### *ORDER OVERRULING TRUSTEE'S OBJECTION TO DEBTOR'S CLAIM OF HOMESTEAD EXEMPTION*

MICHAEL G. WILLIAMSON, Bankruptcy Judge.

To qualify for Florida's homestead exemption, an individual must have an ownership interest in a residence that gives the individual the right to use and occupy it as his or her place of abode. As

a general rule, the individual claiming the exemption need not hold fee simple title to the property. Rather, in order to claim property in which the individual resides as exempt it is sufficient that: (1) the individual have a legal or equitable interest which gives the individual the legal right to use and possess the property as a residence; (2) the individual have the intention to make the property his or her homestead; and (3) the individual actually maintain the property as his or her principal residence.

On the date the debtor, Merry Alexander ("Debtor"), filed her petition under chapter 7, title to her residence was held in a revocable trust. The Debtor was both the sole trustee and the sole primary beneficiary of the trust. As trustee, the Debtor maintained legal control of the trust and could revoke the trust at any time. The Debtor as primary beneficiary retained an exclusive right of possession. In addition, the Debtor has always intended to reside in and claim the property as her homestead, and has in fact resided in the residence since 1995. As a result, the objection to her claim of the property as her homestead is overruled. Accordingly, the Slatkin Trustee's and Chapter 7 Trustee's Joint Motion for Partial Summary Judgment is denied in part and the Debtor's Motion for Partial Summary Judgment is granted in part.

### I. Jurisdiction

This court has jurisdiction of this matter under 28 U.S.C. sections 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. section 157(b)(2)(B).

### II. Background and Facts

The Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on June 17, 2005. On her Schedule C, the Debtor asserts that real property located at 305 Spring Court in Clearwater, Florida, qualifies as her homestead and, as

such, is exempt under Florida law from the claims of creditors.

The Slatkin Trustee is a creditor of the Debtor, with an unsecured claim of $250,896.51, plus interest, arising from a judgment against the Debtor. The judgment, which was entered on February 25, 2005, stems from the Debtor's receipt of fraudulent transfers in the guise of "profits" during the course of a Ponzi scheme operated by Reed Slatkin from 1986 to 2001. The Slatkin Trustee and the Chapter 7 Trustee (collectively "Trustees") filed a Joint Motion for Partial Summary Judgment on Slatkin Trustee's and Chapter 7 Trustee's Objections to Debtor's Claimed Exemptions and Supporting Memorandum of Law (Doc. No. 130), maintaining that the Debtor is not entitled to claim the homestead exemption on four grounds. Only one ground is at issue here: whether the Debtor may claim the homestead exemption on property owned by a trust instead of a "natural person."

The Debtor and her parents, Hortence A. Lopez and Alfred Lopez, purchased the property at 305 Spring Court ("Homestead") in 1995 as joint tenants with the right of survivorship. The Warranty Deed, dated December 11, 1995, actually transferred two lots, which were subsequently separated. The lot that retained the 305 Spring Court address has been the Debtor's residence since 1995. The second lot, which became 309 Spring Court, was the home of the Debtor's parents.

In April 2002, the Debtor established two revocable living trusts: the first, the Anita Realty Trust, for her parents' home and the second, the Arthur Realty Trust ("Trust"), for her Homestead. Two months later, the Debtor and her mother, then widowed, quitclaimed their respective interests in the Homestead to "Merry Alexander, Trustee of the Arthur Realty Trust." Both the Debtor and her mother

were the beneficiaries of the Trust, while the Debtor remained its sole trustee.

The Debtor's mother passed away in March 2003. On August 23, 2004, the Trust was amended to reflect the Debtor as primary beneficiary, and, in the event of her death, her two children as equal secondary beneficiaries. Thus, at the time of filing the Debtor was the trustee and the primary beneficiary of the Trust. The Debtor, who filed a Motion for Partial Summary Judgment on Trustee's Supplemental Objections to Debtor's Claim of Exemptions and Slatkin Trustee's Objection to Debtor's Claim of Exemptions (as to Homestead) (Doc. No. 121), asserts that as both the sole trustee and the sole primary beneficiary of the trust she retains the equivalent of absolute ownership and is entitled to Florida's homestead exemption.

### III. Issue

The sole issue currently before this Court is whether the Homestead property in Clearwater, Florida, qualifies for Florida's homestead exemption when title to the property is in a revocable trust and the Debtor's interest in the property is as trustee and primary beneficiary. All remaining issues presented by the Debtor's motion and all other motions heard will be addressed in separate orders of this Court or at trial.

### IV. Conclusions of Law

*A. Motions for Summary Judgment*

Summary judgment is appropriate under Rule 56 of the Federal Rules of Civil Procedure, as made applicable by Rule 7056 of the Federal Rules of Bankruptcy Procedure, if there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. Both parties have filed summary judgment motions, and they agree that there is no genuine dispute of material fact regarding the one issue addressed here. Only the law is in dispute.

*B. Property of the Estate*

■ Section 541 of the Bankruptcy Code defines property of the estate as "all legal and equitable interests of the debtor in property as of the commencement of the case." State law defines the scope and existence of the property interest. *In re Sinnreich,* 391 F.3d 1295, 1297 (11th Cir. 2004) (citing *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)). Therefore, Florida law governs the scope and existence of the Debtor's interest in the Homestead property. 11 U.S.C. § 522(b); Fla. Stat. § 222.20.

*C. Florida Homestead Exemption*

■ Florida's homestead exemption is found in article X, section 4, of the Florida Constitution, which provides in pertinent part as follows: "There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon ... the following property owned by a natural person: (1) a homestead...." Fla. Const. art. X, § 4. As a matter of public policy, the Florida homestead exemption should be liberally construed "in the interest of protecting the family home." *Quigley v. Kennedy & Ely Ins., Inc.,* 207 So.2d 431, 432 (Fla. 1968). It is the burden of the party challenging the homestead exemption claim "to make [a] strong showing that the debtor is not entitled to the claimed exemption." *In re Laing,* 329 B.R. 761, 770 (Bankr. M.D.Fla.2005) (citing *In re Harrison,* 236 B.R. 788, 790 (Bankr.M.D.Fla.1999)).

■ The Trustees assert that the Debtor is not entitled to any exemption otherwise allowable under the Florida Constitution because the real property in question is not in the name of a "natural person." However, the Florida Constitu-

tion, which has been interpreted as applying to a variety of interests in land, does not distinguish different types of ownership interests that qualify for the homestead exemption. *In re Ballato*, 318 B.R. 205, 209 (Bankr.M.D.Fla.2004) (citing *Bessemer Properties v. Gamble*, 158 Fla. 38, 27 So.2d 832 (1946); *Milton v. Milton*, 63 Fla. 533, 58 So. 718 (Fla.1912); *Southern Walls, Inc. v. Stilwell Corp.*, 810 So.2d 566 (Fla. 5th DCA 2002)).

For example, in *Stilwell* the court found that a fee simple estate evidenced by a warranty deed was not essential to claim the homestead exemption; rather, "a life estate interest ... that gives the owner the right to use and possess a co-op as his or her residence may be sufficient." 810 So.2d at 571. In examining article X, section 4 of the Florida Constitution, the Fifth District Court of Appeal noted that homestead was "broadly defined" as "property owned by a natural person ... upon which the exemption shall be limited to the residence of the owner or the owner's family." *Id.* at 569. The court also recognized that the Florida Constitution did not define "owned," and stated:

> [I]t does not designate how title to the property is to be held and it does not limit the estate that must be owned, i.e., fee simple, life estate, or some lesser interest.... [T]he Florida courts have consistently held that the exemption should be liberally construed in favor of protecting the family home and those whom it was designed to protect.

*Id.* at 569–570 (citing *Havoco of Am., Ltd. v. Hill*, 790 So.2d 1018, 1020 (Fla.2001) (citations omitted)).

The court in *Stilwell*, in analyzing the ownership interest necessary to claim the homestead exemption, further noted that consideration must be given to a person's intentions to make a property his or her homestead and the actual use of the prop-

erty as the principal residence. *Id.* at 572 (citing *In re Dean*, 177 B.R. 727 (Bankr. S.D.Fla.1995); *Edward Leasing Corp. v. Uhlig*, 652 F.Supp. 1409, 1412 (S.D.Fla. 1987)).

Florida courts have also upheld a claim of homestead exemption in cases in which the debtor merely leased the underlying real property. *In re Dean*, 177 B.R. 727 (Bankr.S.D.Fla.1995); *In re McAtee*, 154 B.R. 346 (Bankr.N.D.Fla.1993). In *McAtee*, the debtor claimed that his residence located on a long-term leasehold was exempt under Florida law. 154 B.R. at 347. The court, citing the "long and well established history of liberally construing and applying" the homestead exemption, concluded that "ownership" for purposes of the homestead exemption is not limited to fee simple ownership. *Id.* at 347–348. Rather, the court found that a lessee's interest in a leasehold estate is, for all purposes, the equivalent of absolute ownership and is protected by Florida's homestead exemption. *Id.* at 348.

In a case similar to this case, the Third District Court of Appeal held that legal title does not need to be in an individual's name in order to qualify for Florida's homestead exemption. *Callava v. Feinberg*, 864 So.2d 429, 431 (Fla. 3d DCA 2004). In *Callava*, legal title to the home was held not in the plaintiff's name, but in the name of Jorge Gaviria, as Trustee. *Id.* The court found that even if the plaintiff only owned a beneficial interest in the property, she was entitled to homestead exemption. *Id.* (citing *Bessemer Props., Inc. v. Gamble*, 158 Fla. 38, 27 So.2d 832 (1946); *HCA Gulf Coast Hospital v. Estate of Downing*, 594 So.2d 774, 776 (Fla. 1st DCA 1991)).

More recently, the Fourth District Court of Appeal found that a residence held in a revocable trust was owned by a "natural person" for purposes of Florida's

homestead exemption. *Engelke v. Estate of Engelke,* 921 So.2d 693, 696 (Fla. 4th DCA 2006). The court noted that even though a revocable trust held title to the property, the individual's "interest in his residence as beneficiary of his own revocable trust would entitle him to constitutional homestead protections." *Id.*

The Trustees point to *In re Bosonetto,* 271 B.R. 403 (Bankr.M.D.Fla.2001), to support their argument that the legal title to the property must be in the name of a "natural person" in order to qualify for the homestead exemption. In *Bosonetto,* the court found that a debtor could not claim Florida homestead exemption in residential property that she owned, not in individual capacity, but as trustee of a trust. *Id.* at 407.

This Court, however, declines to follow the reasoning in *Bosonetto. Bosonetto* does not cite to any Florida cases in support of its ruling nor does it account for the contrary holdings of several courts in the cases cited above. Further, it appears that subsequent cases have not followed the reasoning in *Bosonetto. See, e.g., Engelke v. Estate of Engelke,* 921 So.2d 693, 696 (Fla. 4th DCA 2006); *Callava v. Feinberg,* 864 So.2d 429 (Fla. 3d DCA 2004); *Southern Walls, Inc. v. Stilwell Corp.,* 810 So.2d 566 (Fla. 5th DCA 2002). *See also In re Ballato,* 318 B.R. 205 (Bankr. M.D.Fla.2004).

The Trustees also cite *In re Duque,* 33 B.R. 201 (Bankr.S.D.Fla.1983), to support their position. *Duque* relied upon *In re Wartels,* 357 So.2d 708 (Fla.1978), which involved the homestead exemption in a devise and descent context rather than a forced sale context. The Court does not find either of these cases persuasive in this situation.

In this case, the record reveals that the Debtor purchased the Homestead in 1995 as her sole and exclusive residence and has continuously lived there ever since. The Debtor's driver's license, voter's registration card and checking accounts list it as her permanent address— all factors to be considered in determining homestead. *In re Dean,* 177 B.R. at 729. In addition, the Debtor is the principal beneficiary of the Trust and its sole trustee, with a right to revoke the Trust at any time. The Court therefore concludes that the Debtor's ownership interest in the residence entitles her to the Florida constitutional homestead protections. Fla. Const. art. § X, 4.

## V. Conclusion

An individual must have an ownership interest in a residence that gives him or her the right to use and occupy it as his or her place of abode in order to qualify for Florida's homestead exemption. The individual claiming the exemption need not hold fee simple title to the property. Instead, it is sufficient if the individual's legal or equitable interests give the individual the legal right to use and possess the property as a residence.

On the date the Debtor filed her chapter 7 petition, title to her residence was held in a revocable trust. The Debtor, who resided in the residence since 1995, was both the sole trustee and the sole primary beneficiary of the trust. As both trustee and primary beneficiary, the Debtor has the exclusive right to reside on the property. The Debtor has always intended to reside in and claim the property as her homestead. As a result, the Court finds that the Debtor's beneficial interest is sufficient to entitle her to Florida's homestead exemption. Accordingly, it is

ORDERED AND ADJUDGED as follows:

1. Debtor's Motion is granted in part and denied in part. Debtor's claim of

homestead exemption as to her homestead located at 305 Spring Court, Clearwater, Florida 33755 shall not be disallowed by her pre-petition transfer to the Arthur Realty Trust, in which Merry Alexander served as both Trustee and primary beneficiary at the time of filing of the Chapter 7 Petition. The Trustees' objections to Debtor's claim of homestead are overruled in that Debtor's homestead is exempt despite the testamentary device that maintains actual title to the property.

2. All remaining issues presented by the parties will be determined by subsequent order of this Court or at trial.

DONE AND ORDERED.