In re Mary L. EDWARDS, Debtor.

No. 6:05–bk–10524–ABB.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Oct. 4, 2006.

John Roberts, The Law Office of John Roberts, Holly Hill, FL, for Debtor.

### ORDER

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Trustee's Objection to Debtor's Claim of Exemption [1] ("Objection") filed by Kenneth D. Herron, Jr., the Chapter 7 Trustee herein ("Trustee"), in which the Trustee objects to the homestead exemption claimed by Mary L. Edwards, the Debtor herein ("Debtor"). An evidentiary hearing on the Objection was held on July 6, 2006, at which the Debtor, counsel for the Debtor, the Trustee, and counsel for the Trustee appeared. The parties were granted leave to file briefs in support of their positions and the parties filed legal memoranda.[2] The parties were granted an opportunity to file additional legal memoranda addressing a decision published on July 25, 2006 involving similar facts and allowing the claimed homestead exemption. The Trustee filed a Supplement to his Memorandum of Law.[3] The Court makes the following findings of fact and conclusions of law after reviewing the pleadings and evidence, hearing live testimony and argument, and being otherwise fully advised in the premises:

### FINDINGS OF FACT

There are no factual issues in dispute. The Debtor instituted this individual Chapter 7 case on September 14, 2005 ("Petition Date"). The Debtor purchased 4517 Pacer Court, Orlando, Florida (the "Orlando Property") on December 30, 1994 [4] and she moved into the Orlando Property making it her residence. She purchased 365 Wilmette Circle, Ormond Beach, Florida 32174 (the "Volusia Property") with her daughter Christine M. Hunt on February 18, 1998 [5] but she continued to reside at the Orlando Property.

The Debtor executed a Revocable Living Trust Agreement on June 7, 2000 (the "Trust").[6] She is the Grantor and Trustee of the Trust. The Trust is a revocable trust with a reservation of rights by the Debtor to revoke the Trust at any time and without anyone's consent.[7] The Debtor transferred her interest in the Volusia Property to Mary Lou Ward Edwards, Trustee of the Mary Lou Ward Edwards

1. Doc. No. 7.

2. Doc. Nos. 50, 51.

3. Doc. No. 55.

4. Doc. No. 48 (Trustee's Exh. No. 4).

5. Doc. No. 48 (Trustee's Exh. No. 5).

6. Doc. No. 49 (Debtor's Exh. No. 1). Note: the exhibit presented does not contain a schedule of assets as referenced in Article 1.

7. *Id.* at Article 2.

Revocable Living Trust, on June 7, 2000.[8] The Debtor sold the Orlando Property on May 13, 2003 and moved into the Volusia Property.[9]

The Debtor lists the Volusia Property as an asset in Schedule A of her Schedules and claims the Property as exempt in Schedule C pursuant to "Fla. Const. art. X, § 4(a)(1); Fla. Stat. Ann §§ 222.01, 222.02, 222.05."[10] The Volusia Property remains titled in the name of the Trust.[11] The Trust is a revocable trust and, as the Grantor of the Trust, the Debtor retained an ownership interest in the Volusia Property.[12]

The Trustee timely objected to the Debtor's homestead exemption claim contending the Volusia Property is not homestead property because it is owned by the Trust and not a natural person. He asserts the Debtor has no ownership interest in the Volusia Property and ownership of the real property is required for a homestead exemption claim pursuant to the Florida Constitution and the Florida Statutes. The Trustee's Objection to the Debtor's claimed homestead exemption is inconsistent with the controlling case and statutory law. The Debtor, as the Grantor and Trustee of the Trust, has an ownership interest in the Volusia Property. The Volusia Property is her homestead. The Debtor's claim of exemption is proper pursuant to the governing Florida state law. Her claim of exemption is due to be allowed.

8. Doc. No. 48 (Trustee's Exh. No. 7). She also transferred the Orlando Property to the Trust on June 7, 2000.

9. Doc. No. 48 (Trustee's Exh. No. 10).

10. Doc. No. 1. The value of the claimed exemption is $29,800.00 (the difference between the Debtor's valuation of the property of $145,000 and the secured mortgage claims of $115,200.00).

## CONCLUSIONS OF LAW

■ The issue for determination is whether real property in which a debtor resides qualifies for the Florida homestead exemption when title to the property is held by a revocable trust. The issue is governed by Florida state statutory and case law. Florida opted out of the federal bankruptcy exemption scheme and a debtor filing for bankruptcy protection in Florida must use Florida's state law exemptions. The Florida exemptions include a homestead exemption found at Florida Constitution, Article X, Section 4(a)(1):

(a) There shall be exempt from forced sale under process of any court, and no judgment, decree or execution shall be a lien thereon, except for the payment of taxes and assessments thereon, obligations contracted for house, field or other labor performed on the realty, the following property *owned by a natural person:*

(1) a homestead, if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, which shall not be reduced without the owner's consent by reason of subsequent inclusion in a municipality; upon which the exemption shall be limited to the residence of the owner or the owner's family.

FLA. CONST. ART. X, § 4 *(emphasis added).* Sections 222.01, 222.02, and 222.05 of the

11. The Debtor's Schedules do not reflect the Volusia Property is titled in the name of the Trust or the existence of the Trust.

12. "Grantor hereby declares that she is the owner, as Trustee, of the assets inventoried in the schedule accompanying this Trust and that by the creation of this Trust she shall have transferred ownership of said property, whether in original or substituted form." Trust at Article 1, ¶ 1.1.

Florida Code set forth the procedures for claiming a homestead exemption. Fla. Stat. Ann §§ 222.01, 222.02, 222.05.

The Florida courts have consistently held the homestead exemption should be liberally construed in the interest of protecting the family home.[13] The homestead exemption is designed to provide solidity and preservation of the home.[14] "Any challenge to the homestead exemption claim places a burden on the objecting party to make a strong showing that the Debtor is not entitled to the claimed exemption." [15]

The parties disagree as to the definition of the statutory phrase "owned by a natural person" as used in Article X of the Florida Constitution. The Trustee contends a trust is not a natural person and the Debtor's exemption claim must fail. He asserts the Debtor did not have a valid ownership interest in the Volusia Property, as contemplated by the homestead exemption provision, because the Volusia Property was owned by the Trust. He asserts the nature of the Trust is inconsistent with the meaning of "owned by a natural person" as contained in the statute.

The homestead exemption does not distinguish between the types of ownership interests in land that qualify for the exemption and has been interpreted as applying to any interest in land.[16] Consideration must be given to the owner's inten-

tion to make the property his or her homestead and the owner's actual use of the property as the principal residence.[17] The Volusia Property was the Debtor's principal residence on the Petition Date and had been such for two years pre-petition. The Debtor intended the Volusia Property be her homestead. No facts have been presented establishing her intent was otherwise.

The Trustee relies on the decision *In re Bosonetto*, 271 B.R. 403 (Bankr. M.D.Fla.2001) in which the Bankruptcy Court held a debtor may not claim real property owned by a trust as exempt homestead property.[18] The great weight of the relevant case law holds to the contrary. Fee simple title of the property is not required, and an equitable or legal interest should afford protection pursuant to the provision.[19]

The Florida Appellate Court ruled in *Engelke v. Estate of Engelke*, 921 So.2d 693, 696 (Fla. 4th DCA 2004) a revocable trust was constitutionally protected homestead property and could not be used to pay claims and expenses of the grantor's estate.[20] The grantor of the trust retained an ownership interest in the property since the trust was revocable.[21] The trust, due to its revocable nature, was owned by a "natural person" within the meaning of the Florida homestead exemption.[22] The revo-

---

**13.** *Quigley v. Kennedy & Ely, Ins. Inc.*, 207 So.2d 431, 432 (Fla.1968); *Graham v. Azar*, 204 So.2d 193, 195 (Fla.1967).

**14.** *In re Harrison*, 236 B.R. 788, 789–90 (Bankr.M.D.Fla.1999).

**15.** *In re Laing*, 329 B.R. 761, 770 (Bankr. M.D.Fla.2005); *In re Harrison*, 236 B.R. 788 (Bankr.M.D.Fla.1999).

**16.** *Southern Walls, Inc. v. Stilwell Corp.*, 810 So.2d 566, 569 (Fla. 5th DCA 2002).

**17.** *Id.* at 571.

**18.** *In re Bosonetto*, 271 B.R. 403, 407 (Bankr. M.D.Fla.2001).

**19.** *In re Dean*, 177 B.R. 727, 729 (Bankr. S.D.Fla.1995).

**20.** *Engelke v. Estate of Engelke*, 921 So.2d 693, 696 (Fla. 4th DCA 2004).

**21.** *Id.*

**22.** *Id.*

cable trust only held title to the property, while the grantor retained ownership.[23]

■ A recent case decided in the Middle District of Florida, *In re Alexander*, 346 B.R. 546 (Bankr.M.D.Fla.2006) is in agreement holding fee simple title to the property is not necessary to qualify for the homestead exemption.[24] " . . . [I]n order to claim property in which the individual resides as exempt it is sufficient that: (1) the individual have a legal or equitable interest which gives the individual the legal right to use and possess the property as a residence; (2) the individual have the intention to make the property his or her homestead; and (3) the individual actually maintain the property as his or her principal residence."[25] The Bankruptcy Court ruled homestead property titled in a revocable trust can be exempt from a debtor's bankruptcy estate in a Chapter 7 case.

The Trustee contends *Alexander* is distinguishable because the debtor in *Alexander* resided at the property in dispute for seven years prior to transferring the property to the revocable trust, whereas the Debtor transferred the Volusia Property to the Trust three years before she moved into the property. The Trustee asserts the Volusia Property does not qualify for the homestead exemption because the Debtor did not reside at the property while she had legal title to it. The Trustee's attempt to distinguish the two cases is without merit. The facts presented by the Trustee do not affect the elements needed for valid ownership of the property. The Debtor owned the Volusia Property via the Trust and she resided on the Volusia Property pre-petition with an intent to maintain as her primary residence. The timing of the Debtor's transfer of title to the Trust does not alter her ownership interest of the Volusia Property.

There is no justification for taking a position inconsistent with the *Alexander* decision. The Florida courts have unequivocally held the exemption is to be liberally construed in order to protect the family home. The Debtor, two years prior to the Petition Date, established the Volusia Property as her primary residence. She intended the Volusia Property to be her homestead and she maintained it as her homestead. The Debtor, as the Grantor and Trustee of the Trust, holds an ownership interest in the Volusia Property. The Florida homestead exemption does not discriminate against the type of interest held in real property. The Debtor's interest in the Volusia Property is entitled to the protections of the Florida homestead exemption.

Accordingly, it is

**ORDERED, ADJUDGED and DECREED** that the Trustee's Objection to the Debtor's claim of homestead exemption is hereby **OVERRULED;** and it is further

**ORDERED, ADJUDGED and DECREED** that the Debtor's homestead exemption claim is **ALLOWED** and her home located at 4517 Pacer Court, Orlando, Florida is exempt in its entirety.

---

23. *Id.*

24. *In re Alexander*, 346 B.R. 546, 551 (Bankr. M.D.Fla.2006).

25. *Id.* at 548.