**In re Thomas Jaysen KENT, and Denise M. Kent, f/k/a Denise Marie Newkirk, Debtor.**

**No. 3:08–bk–7156–PMG.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Aug. 10, 2009.

Raymond B. LaBella, Keystone Law Group, Orange Park, FL, for Debtors.

Raymond R. Magley, Smith Hulsey and Busey, Jacksonville, FL, Robert Altman, Palatka, FL, for Trustee.

### ORDER ON (1) MOTION TO COMPEL DEBTORS TO TURNOVER PROPERTY TO THE TRUSTEE, AND (2) TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS

PAUL M. GLENN, Chief Judge.

THIS CASE came before the Court to consider the Motion of the Chapter 7 Trustee to Compel the Debtors to Turnover Property to the Trustee, and also to consider the Trustee's Objection to the Debtors' Claim of Exemptions.

The Debtors, Thomas Jaysen Kent and Denise M. Kent, did not claim their home as exempt on their bankruptcy schedules. The Debtors acknowledge, however, that they intend to retain the home and to reaffirm the mortgages on the property.

Section 222.25(4) of the Florida Statutes provides that a debtor may claim $4,000.00 in personal property as exempt, if he does not "claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution." The issue in this case is whether the Debtors "receive the benefits of" the homestead exemption un-

der Article X, Section 4 of the Florida Constitution.

## Background

The Debtors filed a petition under Chapter 7 of the Bankruptcy Code on November 14, 2008.

On their Schedule of Real Property filed with the petition, the Debtors listed certain property located in Jacksonville, Florida (the Home) as their residence. On their Schedule of Secured Creditors, the Debtors listed Countrywide Home Lending as the holder of a first mortgage on the Home in the amount of $395,142.00, and Regions Bank as the holder of a second mortgage on the Home in the amount of $147,853.00. The scheduled value of the Home is $447,000.00.

On the Statement of Intention filed with the petition, the Debtors indicated that they intend to reaffirm the mortgages held by Countrywide Home Lending and Regions Bank pursuant to § 524(c) of the Bankruptcy Code.

On their Schedule of Personal Property, the Debtors listed certain bank accounts, household furnishings, jewelry, personal effects, and other miscellaneous property with a total value of $18,123.50. The appraised value of the household furnishings and other items located in the Home is $11,160.00. (Doc. 19).

On their original Schedule C that was filed with the petition, the Debtors indicated that no real or personal property was claimed as exempt.

On December 31, 2008, the Trustee filed a Motion to Compel the Debtors to turn over their personal property pursuant to § 542 of the Bankruptcy Code. (Doc. 12).

On January 30, 2009, the Debtors filed an Amended Schedule of Property Claimed as Exempt. (Doc. 17). In the Amended Schedule, the Debtors claimed their household furnishings and bank accounts as exempt pursuant to § 222.25(4) of the Florida Statutes. The scheduled value of the exemptions claimed pursuant to Fla. Stat. § 222.25(4) is $7,614.06. The Debtors did not claim the Home as exempt.

On February 2, 2009, the Trustee filed an Objection to the Debtors' Amended Claim of Exemptions. (Doc. 18). In the Objection, the Trustee asserts that the Debtors are not entitled to the exemptions provided by § 222.25(4) of the Florida Statutes.

The Debtors filed a Memorandum in Opposition to the Trustee's Objection to Exemptions. (Doc. 28). In the Memorandum, the Debtors contend that they elected not to claim the Home as exempt on their Amended Schedule C, "while using greater wildcard exemption available under *Florida Statutes* § 222.25(4) to exempt various personal property." (Doc. 28, p. 1). The Debtors further assert that they intend to retain the Home and to reaffirm the mortgages on the Home, and that they have not incurred any post-petition debt.

## Discussion

Article X, § 4(a) of the Florida Constitution provides:

(a) There shall be *exempt from forced sale* under process of any court, *and no judgment, decree or execution shall be a lien thereon,* except for the payment of taxes and assessments thereon, obligations contracted for the purchase, improvement or repair thereof, or obligations contracted for house, field or other labor performed on the realty, the following property owned by a natural person:

(1) *a homestead,* if located outside a municipality, to the extent of one hundred sixty acres of contiguous land and improvements thereon, ...; or if located within a municipality, to the extent of

one-half acre of contiguous land, upon which the exemption shall be limited to the residence of the owner or the owner's family.

(2) *personal property* to the value of one thousand dollars.

Fla. Const. art. X, § (4)(a)(1),(2)(Emphasis supplied).

Section 222.25(4) of the Florida Statutes provides:

**222.25. Other individual property of natural persons exempt from legal process**

The following property is exempt from attachment, garnishment, or other legal process:

. . .

(4) A debtor's interest in personal property, not to exceed $4,000, *if the debtor does not claim or receive the benefits of a homestead exemption under s. 4, Art. X of the State Constitution.*

Fla. Stat. 222.25(4)(Emphasis supplied).

■ Generally, § 222.25(4) provides that a debtor may claim personal property up to the value of $4,000 as exempt under the statute, unless the debtor either "claims" a homestead exemption or "receives the benefits of" a homestead exemption under Art. X, § 4 of the Florida Constitution. *In re Gatto*, 380 B.R. 88, 91 (Bankr.M.D.Fla.2007). If a debtor claims or receives the benefits of a homestead exemption under the Florida Constitution, the debtor is limited to exempting personal property up to a value of only $1,000.

The Debtors in this case did not claim their Home as exempt on their bankruptcy schedules. Consequently, the issue is whether the Debtors receive the benefits of a homestead exemption under the Florida Constitution. If they receive the benefits of a homestead exemption under the Florida Constitution, the Debtors are not entitled to the increased personal property exemption provided by the statute. If they do not receive the benefits of the constitutional homestead exemption, however, each of the Debtors may claim up to $4,000.00 in personal property as exempt in their bankruptcy case pursuant to § 222.25(4). *In re Gatto*, 380 B.R. at 95.

**I. The homestead exemption**

■ The Florida Constitution provides that the homestead shall be "exempt from forced sale under process of any court, and no judgment, decree, or execution shall be a lien thereon." Fla. Const. art. X, § 4(a)(1). "[T]he Florida constitutional exemption of homesteads protects the homestead against every type of claim and judgment except those specifically mentioned in the constitutional provision itself." *Havoco of America, Ltd. v. Hill*, 790 So.2d 1018, 1021 n. 5 (Fla.2001)(quoting *Olesky v. Nicholas*, 82 So.2d 510, 513 (Fla.1955)).

■ Florida courts consistently hold that the homestead exemption "should be liberally construed in favor of protecting the family home and those whom it was designed to protect." *Southern Walls, Inc. v. Stilwell Corporation*, 810 So.2d 566, 569–70 (Fla. 5th DCA 2002). See also *Coy v. Mango Bay Property and Investments, Inc.*, 963 So.2d 873, 876 (Fla. 4th DCA 2007). The purpose of the homestead exemption "is to promote the stability and welfare of the state by securing to the householder a home, so that the homeowner and his or her heirs may live beyond the reach of financial misfortune and the demands of creditors." *Snyder v. Davis*, 699 So.2d 999, 1002 (Fla.1997).

■ "To qualify for protection under Article X, section 4 of the Florida Constitution, a parcel of property must meet constitutionally defined size limitations and must be owned by a natural person who is

a Florida resident who either makes or intends to make the property that person's residence." *Cutler v. Cutler,* 994 So.2d 341, 343 (Fla. 3d DCA 2008). In other words, for an individual to receive the protection of the constitutional homestead exemption, he must have an ownership interest in a residence that gives him the right to use and occupy it as his place of abode. *In re Alexander,* 346 B.R. 546, 547 (Bankr.M.D.Fla.2006).

The Constitution refers to property "owned by" a natural person. It is well-settled, however, that the protection provided by the constitutional exemption extends to "any interest" in land, as long as the property is the home of the resident. Although the Constitution "quantifies the amount of real property that may encompass a homestead, it does not define 'owned.' In other words, it does not designate how title to the property is to be held and it does not limit the estate that must be owned, i.e., fee simple, life estate, or some lesser interest." *Southern Walls, Inc. v. Stilwell Corporation,* 810 So.2d at 569 (quoted in *Callava v. Feinberg,* 864 So.2d 429, 431 (Fla. 3d DCA 2003)). Consequently, the constitutional exemption attaches to "any estate in land" owned by a natural person residing in Florida. *Southern Walls,* 810 So.2d at 570 (quoting *Coleman v. Williams,* 146 Fla. 45, 200 So. 207 (1941)).

In determining whether the proceeds from the post-divorce sale of a debtor's home were protected, for example, the Bankruptcy Court acknowledged that the "homestead exemption provided for under the Florida Constitution makes no distinction between the types of ownership interests in land that qualify for the exemption, and has been interpreted as applying to *any interest* in land." *In re Ballato,* 318 B.R. 205, 209 (Bankr.M.D.Fla.2004)(Emphasis supplied).

Similarly, in *In re Alexander,* 346 B.R. 546 (Bankr.M.D.Fla.2006), the Bankruptcy Court allowed a debtor's homestead exemption even though title to the residence was held by a revocable trust.

As a general rule, the individual claiming the exemption need not hold fee simple title to the property. Rather, in order to claim property in which the individual resides as exempt it is sufficient that: (1) the individual have *a legal or equitable interest which gives the individual the legal right to use and possess the property as a residence;* (2) the individual have the intention to make the property his or her homestead; and (3) the individual actually maintain the property as his or her principal residence.

*In re Alexander,* 346 B.R. at 547–48(Emphasis supplied). Under this general rule, therefore, a beneficial interest in property is sufficient to entitle a resident to Florida's constitutional homestead exemption. *In re Alexander,* 346 B.R. at 551. See also *In re Lezdey,* 2007 WL 295213, at *5 (Bankr.M.D.Fla.).

Further, as long as the constitutional requirements for a homestead are satisfied, it is well-settled that the property remains protected until it is either abandoned or alienated. "Once homestead status is acquired, it continues until the homestead is abandoned or alienated in the manner provided by law." *Coy v. Mango Bay Property and Investments, Inc.,* 963 So.2d at 878 (citing *Cain v. Cain,* 549 So.2d 1161, 1163 (Fla. 4th DCA 1989)). "Once acquired, homestead status is retained until the property is abandoned or properly alienated." In *re Magelitz,* 386 B.R. 879, 883 (Bankr.N.D.Fla.2008)(citing *Olesky v. Nicholas,* 82 So.2d at 512, and cited in *In re Rogers,* 396 B.R. 100, 104 (Bankr.M.D.Fla.2008)).

Finally, the protections provided by the constitutional homestead exemption cannot be waived. *DeMayo v. Chames*, 934 So.2d 548, 550–51 (Fla. 3d DCA 2006).

## II. The bankruptcy case

### A. Property of the estate

Pursuant to § 541(a) of the Bankruptcy Code, the commencement of a bankruptcy case creates an estate. 11 U.S.C. § 541(a). "An estate in bankruptcy consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions. An exemption is an interest withdrawn from the estate (and hence from the creditors) for the benefit of the debtor." *Owen v. Owen*, 500 U.S. 305, 308, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991).

In other words, property of the estate is broadly defined to include virtually all legal and equitable interests of the debtor in property as of the commencement of the case. "In the context of Chapter 7 bankruptcies, once property is deemed an asset of the estate, it remains as such and may be administered by the Trustee for the benefit of the creditors unless the debtor is entitled to remove, and in fact affirmatively does remove, either a portion of the asset, or the entire asset, from the bankruptcy estate through the exemption process." *In re Urban*, 361 B.R. 910, 913 (Bankr.D.Mont.2007). "A debtor may claim a proper exemption and remove such property from the estate, but unless and until a proper exemption is claimed, the property remains in the estate subject to the claims of creditors." *In re McLean*, 41 B.R. 893, 898 (D.S.C.1984).

### B. Administration for the benefit of creditors

According to § 704(a) of the Bankruptcy Code, the trustee in chapter 7 cases shall "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1). The "mission" of the Chapter 7 trustee is to enhance the debtor's estate for the benefit of unsecured creditors. *In re Tobin*, 202 B.R. 339, 340 (Bankr.D.R.I.1996)(quoting *In re Bequette*, 184 B.R. 327, 333 (Bankr.S.D.Ill.1995)). "The Trustee essentially liquidates the estate. Liquidation is a form of relief afforded by the bankruptcy laws that involves collection, liquidation, and distribution of the nonexempt property of the debtor and culminates, if the debtor is an individual, in the discharge of the liquidation debtor." *In re Kelley*, 2007 WL 2492732, at *4 n. 7 (M.D.Fla.)(quoting Collier on Bankruptcy § 6–700 (15th ed.)).

In performing his duties under § 704(a), a chapter 7 trustee may administer an asset of the estate by selling it, returning it to a secured creditor, or abandoning it, depending on the circumstances of the case. *In re Buchanan*, 270 B.R. 689, 693 (Bankr.N.D.Ohio 2001).

### C. Abandonment of property that is of inconsequential value

Where the estate has no equity in an asset, however, so that unsecured creditors are unlikely to benefit from a sale of the property, it is generally recognized that abandonment is the appropriate method of dealing with the asset. *In re Feinstein Family Partnership*, 247 B.R. 502, 507–09 (Bankr.M.D.Fla.2000). Section 554(a) of the Bankruptcy Code provides for a trustee to abandon property of the estate "that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(a).

If the sale of an asset will not generate funds for unsecured creditors, abandonment under § 554 is the proper course. *In re Rambo,* 297 B.R. 418, 433 (Bankr. E.D.Pa.2003). In fact, a trustee is generally expected to abandon a fully secured asset if the asset's sale would only benefit the secured creditor and the trustee. *In re Buchanan,* 270 B.R. at 693. "Fully encumbered property which has no potential equity for unsecured creditors should be abandoned." *In re Integrated Agri, Inc.,* 313 B.R. 419, 425 (Bankr.C.D.Ill. 2004).

### D. Effects of abandonment

■ If the chapter 7 trustee abandons an asset of the estate, the asset "reverts to the debtor, and the debtor's rights to the property are treated as if no bankruptcy petition was filed." 5 Collier on Bankruptcy, 15th ed. rev. ¶ 554.02[3] (citing *In re Dewsnup,* 908 F.2d 588, 590 (10th Cir. 1990), *aff'd* 502 U.S. 410, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992))(and cited in *In re Moran,* 385 B.R. 799 (6th Cir. BAP 2008)). Property that is abandoned under § 554 ceases to be property of the estate, and reverts to the debtor as if the bankruptcy petition had never been filed. *Ross v. Bergeron,* 2008 WL 927842, at *3 (W.D.Ky.).

In *In re Dastugue,* 1992 WL 21361 (E.D.La.), for example, the trustee abandoned certain real property, and the Court found that the estate was not responsible for post-petition taxes that had accrued on the property before it was abandoned. In reaching this conclusion, the Court relied on the principle that the abandoned property had reverted to the debtor *nunc pro tunc,* and that the debtor was therefore considered to have owned the property continuously during the pendency of the bankruptcy case.

■ Further, § 554(c) provides that scheduled property that is not otherwise administered in a bankruptcy case is abandoned to the debtor at the time that the case is closed. 11 U.S.C. § 554(c). Property that is deemed abandoned under § 554(c) reverts to the debtor *nunc pro tunc,* in accordance with the general rule regarding abandonment, and the debtor is treated as having owned the asset continuously throughout the bankruptcy proceedings. *Williams v. United Technologies Carrier Corp.,* 310 F.Supp.2d 1002, 1011–12 (S.D.Ind.2004)(citing *Barletta v. Tedeschi,* 121 B.R. 669 (N.D.N.Y.1990)).

### III. Application

In this case, the Debtors listed their Home as an asset in their Chapter 7 case, but did not claim the Home as exempt on their bankruptcy schedules. The scheduled amount of the mortgages on the Home exceeds the scheduled value of the property. The Debtors intend to retain the Home as their residence, and to reaffirm the mortgages on the property.

The Debtors claimed certain personal property as exempt on their Amended Schedule C pursuant to § 222.25(4) of the Florida Statutes.

The issue is whether the Debtors "receive the benefits of a homestead exemption" under the Florida Constitution. If the Debtors "receive the benefits of a homestead exemption," they are not entitled to the increased personal property exemption available under § 222.25(4).

### A. The petition date

■ As a general rule, "the petition date is the relevant date for determining a debtor's entitlement to claim an exemption." *In re Hunter,* 1994 WL 16005197, at *3 (Bankr.S.D.Ga.1994)(citing *In re Johnson,* 165 B.R. 524, 528 (S.D.Ga.1994) for the fundamental concept that the petition date is the "watershed date" of a

bankruptcy case.). See also *In re Ballato,* 318 B.R. 205, 209 (Bankr.M.D.Fla.2004)(In a converted case, a claim of exemption is determined as of the date of the original petition, and not the date of conversion.)

Moreover, with respect to an exemption claimed under § 222.25(4), courts have generally "draw[n] meaning from the fact that the statute is written in the present tense." *In re Abbott,* 2009 WL 1872125, at *2 (Bankr.S.D.Fla.). In *In re Gatto,* 380 B.R. at 91, for example, the Court noted that the word "receive" appears in the statute in the present tense, which is "consistent with the general proposition that a debtor's entitlement to an exemption is determined as of the date of the petition."

Consequently, for purposes of this case, the Court must determine the Debtors' entitlement to the personal property exemption under § 222.25(4) as of the date that they filed their Chapter 7 petition. *In re Abbott,* 2009 WL 1872125, at *2 (It is "generally agreed that a debtor is ineligible to claim the Statutory Personal Property Exemption if the debtor presently receives the benefits of the homestead exemption on the petition date.").

### B. A legal or equitable interest entitling the debtor to use the property as his residence

■ In order for a debtor's property to constitute exempt homestead, three factors must be present: (1) the debtor must have a legal or equitable interest which gives him the legal right to use and possess the property as his residence; (2) the debtor must have the intention to make the property his homestead; and (3) the debtor must actually maintain the property as his principal residence. *In re Alexander,* 346 B.R. at 548; *In re Cocke,* 371 B.R. 554, 556–57 (Bankr.M.D.Fla.2007).

In this case, the Debtors stipulate that they intended on the petition date to retain and reside in the Home, and that they actually continue to reside in the Home. (Transcript, pp. 6–9; Doc. 38, p. 2). The Debtor testified that he "absolutely" intended to retain the Home when he filed his Chapter 7 petition. (Transcript, p. 8). The Debtors also acknowledge that they intend to reaffirm the mortgages on the Home. (Doc. 28, p. 5; Transcript, p. 8). Consequently, the second and third requirements for a home to constitute exempt homestead are clearly satisfied in this case.

■ The more difficult issue relates to the first factor: whether the Debtors have a legal or equitable interest in the Home, as of the petition date, which gives them the right to use the property as their residence. The Debtors contend that this requirement is not satisfied, because they did not claim the Home as exempt on their Chapter 7 schedules, and are therefore "allowing their home to be administered by the Trustee as part of the bankruptcy estate." (Doc. 28, p. 1).

It is clear that the Home is property of the Debtor's bankruptcy estate. It was an asset of the Debtors at the time that they filed their bankruptcy petition, and was not removed from the estate by a proper claim of exemption. *Owen v. Owen,* 500 U.S. at 308, 111 S.Ct. 1833; *In re Urban,* 361 B.R. at 913.

According to the schedules filed on the petition date, however, the total amount of the debt on the Home exceeds the Home's value. On the Schedule of Secured Creditors, the Debtors listed a first mortgage on the Home in the amount of $395,142.00, and a second mortgage on the Home in the amount of $147,853.00, for total encumbrances on the Home in the amount of $542,995.00. The scheduled value of the Home is $447,000.00. The payment on the first mortgage is $2,764.08 per month, and the payment on the second mortgage is

$608.06 per month. (Doc. 1; Adv. Pro. 09–187, Doc. 4).

Consequently, as of the petition date, the record indicates that the Home is fully encumbered and that the estate has no equity in the Home. Further, it does not appear from the record that the Trustee has obtained an appraisal or other opinion showing that the Home is worth more than the scheduled value, or that the Trustee has challenged the validity or extent of the two mortgages on the Home.

The "proper course" for the Trustee in cases where the sale of estate property will not generate any funds for unsecured creditors is to abandon the asset. *In re Integrated Agri, Inc.,* 313 B.R. at 425; *In re Rambo,* 297 B.R. at 433; *In re Buchanan,* 270 B.R. at 693; *In re Feinstein Family Partnership,* 247 B.R. at 507–09.

If the Home is abandoned by the Trustee, either upon a party's motion under § 554(a) or (b), or at the close of the case under § 554(c), the Home will revert to the Debtors, and the Debtors' rights to the property will be treated as if the Chapter 7 case had never been filed. In other words, the Home will revert to the Debtors *nunc pro tunc,* and the Debtors will be considered to have owned the Home continuously since the filing of the Chapter 7 petition. *In re Moran,* 385 B.R. 799, 2008 WL 1766874 (6th Cir. BAP 2008); *Ross v. Bergeron,* 2008 WL 927842, at *3; *Williams v. United Technologies Carrier Corp.,* 310 F.Supp.2d at 1011–12.

In summary, the record shows that the Debtors owned and resided in the Home when they filed their Chapter 7 petition. The Debtor testified that he "absolutely" intended to retain the Home at the time of filing, and the Debtors have continued to live in the Home during the bankruptcy proceedings. (Transcript, pp. 6, 8). The scheduled amount of the mortgages on the Home exceeds the scheduled value of the Home, and there is no indication in the record that a sale of the Home would generate any funds for distribution to unsecured creditors. If the Home had consequential value, the Trustee would administer the Home and would not object to the Debtors' claim of the increased personal property exemption. In this case, however, the Trustee's objection to the increased personal property exemption indicates that he will not administer the Home as an asset of the estate. If the Home is abandoned by the Trustee, it will revert to the Debtors *nunc pro tunc,* and the Debtors will be considered to have owned the Home continuously since the case was filed.

Under these circumstances, the Court finds that Debtors had a legal or equitable interest in the Home as of the petition date that is sufficient to support the Home's status as homestead property under the Florida Constitution.

### C. Receive the benefits

The Home satisfies the constitutional requirements for homestead property as of the petition date. Further, the Court finds that the Debtors in this case "receive the benefits of a homestead exemption" within the meaning of § 222.25(4) of the Florida Statutes.

The benefit provided by the exemption is the protection of the homestead "against every type of claim and judgment except those specifically mentioned in the constitutional provision itself." *Havoco of America, Ltd.,* 790 So.2d at 1021 n. 5. The exemption "shields the homestead from forced judicial sale." *In re Bennett,* 395 B.R. 781, 788(Bankr.M.D.Fla.2008)(citing *In re Hernandez,* 2008 WL 1711528, at *4 (Bankr. S.D.Fla.)). Additionally, "creditors are still prevented from seeking the attachment of judgment liens against the proper-

ty in anticipation of the day the debtor is able to accumulate some equity in the property." *In re Magelitz*, 386 B.R. 879, 884 (Bankr.N.D.Fla.2008). Further, the protections provided by the Constitution "inure to the surviving spouse or heirs of the owner." Fla. Const. art. X, § (4)(b); *Traeger v. Credit First National Association*, 864 So.2d 1188, 1190 (Fla. 5th DCA 2004).

The protections arising from the Constitution are automatic once the homestead qualifies for the exemption.

The Florida Constitution imposes homestead status upon certain property when the constitutional requirements are met. *Venn v. Reinhard (In re Reinhard)*, 377 B.R. 315, 318–19 (Bankr. N.D.Fla.2007). The homestead exemption provision is self-executing in this regard, and the debtor is not required to take any affirmative action to claim the exemption in order for it to apply. (Citations omitted).

*In re Magelitz*, 386 B.R. at 883. *See also In re Rogers*, 396 B.R. 100, 104 (Bankr. M.D.Fla.2008). Further, "it is not possible under Florida law to stop receiving the benefits of the Homestead Exemption" unless the debtor abandons or alienates the home pursuant to a method provided by law. *In re Bennett*, 395 B.R. at 789; *In re Rogers*, 396 B.R. at 104.

In this case, the Debtors receive the same benefits under the Constitution as received by any other resident with a qualified homestead. If they incur any debts while the property maintains its homestead status, other than for taxes, purchase obligations, or repairs or improvements contracted for the home, the property is protected from forced sale by the creditors seeking to collect those debts, and is protected from the attachment of liens that may encumber value in the future. These *protections* are the ben-

efits of a homestead exemption under the Florida Constitution. The Constitution does not require that a homeowner currently have claims asserted against him in order to receive the protections afforded by the exemption. Rather, it is the securing of the family home against creditors' claims that is the benefit received by a homeowner from the constitutional exemption. See *Snyder v. Davis*, 699 So.2d at 1002; *In re Reinhard*, 377 B.R. 315, 319 (Bankr.N.D.Fla.2007)("Homestead status attaches to protect property after it is acquired by the homesteader.").

Finally, in the case of a fully encumbered homestead, the benefit is not lost if the homeowner files a petition under Chapter 7 of the Bankruptcy Code and retains the home. In such a case, the debtor may elect to claim the homestead as exempt on his bankruptcy schedules, and the home will be removed from the bankruptcy estate. If the debtor does not claim the homestead as exempt, however, fully encumbered property is of inconsequential value to the estate and is not properly administered by the Chapter 7 trustee. *In re Integrated Agri, Inc.*, 313 B.R. at 425; *In re Rambo*, 297 B.R. at 433; *In re Buchanan*, 270 B.R. at 693; *In re Feinstein Family Partnership*, 247 B.R. at 507–09.

In this case, the Debtors elected not to claim the Home as exempt on their bankruptcy schedules, even though they intended to retain and live in the home as of the petition date. According to the schedules, the Home is fully encumbered, and it appears from the record that the estate has no equity in the property. The Trustee's objection to the increased personal property exemption and his assertion that the Debtors continue to receive the benefits of the homestead exemption indicate that he will not administer the property as an asset of the estate. Accordingly, the

Debtors had a legal or equitable interest in the Home as of the petition date that is sufficient to support the status of the property as exempt homestead under the Florida Constitution. Under these circumstances, the Court finds that the Debtors "receive the benefits of" the constitutional homestead exemption. The Home is protected against every type of claim or judgment except those listed in the Constitution. *Havoco,* 790 So.2d at 1021 n. 5.

## Conclusion

■ This Order is limited to the specific circumstances of the case. The Court finds that a Chapter 7 debtor receives the benefits of a homestead exemption under article X, section 4 of the Florida Constitution where (1) the debtor owns and resides in a home at the time that he files his bankruptcy petition; (2) the debtor does not claim the home as exempt on his bankruptcy schedules; (3) the debtor's schedules reflect that the home is fully encumbered, and nothing in the record indicates that the estate has any equity in the property; and (4) as of the petition date, the debtor intends to retain and live in the home as his principal residence.

■ Since the Debtors in this case receive the benefits of a homestead exemption under the Florida Constitution, they are not entitled to claim the personal property exemption provided by § 222.25(4) of the Florida Statutes. This conclusion is consistent with the purpose of the Statute.

"The intent of the statute appears to be to give a debtor who lacks homestead protections some extra personal exemptions." *In re Rogers,* 396 B.R. 100, 102 (Bankr.M.D.Fla.2008)(citing Proposed Amendment to Personal Property Exemption Statute Fla. Stat. § 222.25, Bankruptcy/UCC Comm. Business and Law Section, Florida Bar (August 6, 2006)). "The purpose of these extra exemptions is to give a person who lacks a homestead a minimal amount of property from which to restart their lives." *Id.; In re Morales,* 381 B.R. 917, 921 (Bankr.S.D.Fla.2008).

*Osborne v. Dumoulin,* 2009 WL 1090334, at *2 (11th Cir.2009). The Florida Legislature did not intend, however, to permit a debtor to keep his home and also receive the enhanced personal property exemption under the statute. *In re Magelitz,* 386 B.R. at 884.

Accordingly:

**IT IS ORDERED** that:

1. The Motion of the Chapter 7 Trustee to Compel the Debtors to Turnover Property to the Trustee is granted, and the Debtors are directed to turn over to the Trustee the personal property that exceeds their allowable exemptions.

2. The Trustee's Objection to the Debtors' Claim of Exemptions is sustained.

3. Sustaining the Trustee's objection to the increased personal property exemption precludes the administration of the homestead real property as an asset of the estate.